## PATTISON *v.* JONES.

FORMER RECOVERY.—VARIANCE.—Suit upon a promissory note which was alleged to be lost, and which was described as payable "on demand, with interest from .date." The defendant pleaded a former recovery, and filed with his plea a transcript of the former judgment, which showed that the former suit was between the same parties, and that the note then sued upon was in all respects like the one now in suit, except that it was described as payable "one day after date." The answer also alleged that the plaintiff intended to describe in the former suit the identical note . now in suit, &c. The defendant had pleaded to the former suit *non est factum,* under oath.

*Held,* that as, under the issue joined in the former suit, the plaintiff could not have recovered upon proof of a note payable on demand, the former judgment was not a bar.

APPEAL from the *Marion* Common Pleas.

RAY, J.—*Jones,* the appellee, brought his action against *Pattison,* the appellant, and *Cullum,* in the *Marion* Court of Common Pleas, upon a promissory note alleged to have been executed by *Pattison, Cullum,* and one *Shoup,* deceased, to *Jones.* The complaint consisted, originally, of nine paragraphs, but, before trial, eight of them were withdrawn. The remaining one is as follows:

"Plaintiff, *Heman Jones,* states that on the 17th day of *January,* 1853, *George G. Shoup, Edward Pattison* and *R. H. Cullum,* trading and doing business in *Laurel, Indiana,* under the firm name of *Shoup, Cullum & Co.,* executed their promissory note for five hundred dollars and eighteen cents, payable to *Heman Jones,* on. demand, with interest from date. Said note was not payable in bank, was not negotiable, and was never assigned, transferred or indorsed, and, except $80.14, remains due and wholly unpaid. Said note is lost, and cannot be produced or filed herewith, or more particularly described. *George G. Shoup* is dead; *Edward Pattison* and *R. H. Cullum* are surviving partners. Wherefore plaintiff prays judgment," &c.

The defendant *Pattison* filed an answer consisting of

three paragraphs, the third of which was a general denial. The first and second paragraphs were special.

The first alleged that on the 18th day of *May*, 1864, in said court, the plaintiff had impleaded the defendant *Pattison*, and his co-defendant *Cullum*, and one *George G. Shoup*, since deceased, in a civil action upon, and in respect of, the supposed contract and cause of action in said ninth paragraph mentioned, to recover of and from the defendants in that action the amount of said supposed note, in said ninth paragraph mentioned; that the appellant did plead in bar issuably to said action, and, upon issues having been joined, the same were submitted to said court for trial, without the intervention of a jury, and that the court, having been fully advised, &c., to-wit, on, &c., did finally adjudge that the plaintiff should take nothing by his suit, and that the defendants should go hence, &c., and recover of the plaintiff the costs, &c., by them laid out, &c., which judgment is in full force, &c. A certified copy of the record of said cause was filed with the answer.

The second paragraph was precisely like the first, except that it contained the following additional averments: That the plaintiff never had but one note purporting to have been made by the appellant and said *Cullum* and *Shoup*, or purporting to have been signed in the name or by the style of *Shoup, Cullum & Co.*, and that said supposed note mentioned in the ninth paragraph of the complaint is the identical note upon which said action against the appellant, said *Cullum* and said *Shoup*, was meant and intended by the plaintiff to be brought, and is the same note which was in controversy in said action, and upon which it was adjudged, as aforesaid, that the defendants in said action should go hence, without day, and recover of the plaintiff the costs and charges by them in that behalf laid out and expended.

A demurrer, for insufficiency of facts, was sustained to these two special paragraphs, and a proper exception taken. The cause was then submitted to the court for trial. Finding for the plaintiff. Motion for a new trial

overruled. Judgment for the plaintiff for $744 70. A bill of exceptions contains all the evidence.

The complaint in the former suit, which was filed with the answers, alleged that the appellant, *Shoup* and *Cullum*, on the 17th day of *January*, 1853, doing business at that time in *Laurel, Indiana*, under the firm name of *Shoup, Cullum & Co.*, by their promissory note given in said firm name, promised to pay to the order of plaintiff, one day· after the date thereof, the sum of $500 18; that said note was lost; that it was entitled to a credit of $80 14, and the balance remained due and unpaid, &c. A copy of the note was filed, which reads as follows:-

"*Laurel, January* 17, 1853.

"One day after date, we promise to pay to the order of *Heman Jones*, five hundred dollars and eighteen cents, value received. "SHOUP, CULLUM, & Co."

The answer in that suit was as follows: "The said *Edward W. Pattison* answers and denies that he ever executed the supposed note mentioned in the complaint." This was sworn to. Upon this issue judgment was rendered for the· appellant.

The appellant insists that in the suit set out in the record, under the plea of a former recovery, the appellee might . have made proof of a note payable on demand, with interest from date, and that therefore he is precluded from prosecuting this action. The variance in the description of the note as "payable one day after date," and the proof of a note payable "on demand, with interest from date," is claimed to be immaterial. There would certainly be no question that the variance would be held substantial, unless our statute changes the law. In an action of assumpsit on a promissory note, the distinction is now fully established between allegations of matter of substance and allegations of matter of description. The former require to be substantially proved; the latter must be literally proved. 5 Phil. on Ev. 1. It is provided by section 94 of the code, (2 G. & H. 114,) that "no variance between

the allegations in a pleading and the proof is to be deemed material, unless it have actually misled the adverse party to his prejudice, in maintaining his action or defense upon the merits." In order to determine, therefore, the effect of a variance between the pleading and the proof, it becomes necessary to examine the issues made. If, in the former action, the defense had been simply a failure of consideration, or payment, it would not be apparent, perhaps, on the face of the record, that the variance was material, as it would not appear that it would prejudice the defendant. But when, as in this case, the issue was *non est factum*, then the variance was material, for it proved the defendant's answer and defeated the action.

We do not think it can reasonably be held that because of our statute a party can be proved to have executed a note payable one day after date, by evidence that he executed a note payable on demand, with interest from date, when the issue made by the pleadings is the execution of the instrument as declared upon. Nor can it be important that the court below might have permitted the amendment of the complaint, so as to make its averments correspond with the proof, and thereupon have allowed the defendant to withdraw his answer of *non est factum*, and new issues to be formed in the action. That course was not pursued, and under the issues in that suit, the appellee could not have recovered upon proof of the execution of the note described in the present action.

In the case of *Buscom* v. *Hoskins*, 6 Mod., Case 377, error was brought of a judgment in ejectment, and the plaintiff assigning error, the defendant in error brought a *scire facias* against him to have execution, reciting a judgment of two messuages, &c., whereas the judgment in truth was *de uno messuagio*. To this the plaintiff pleaded *nul tiel record*. It was moved to amend it, and authorities for the amendment of a *scire facias* were quoted. HOLT, C. J., said: "There is a difference when the writ is bad and vicious on the face of it, and when it is good in the frame of it, but not fitted to

that particular purpose; and all the cases put of amendment are of the first kind; and some color there would be to amend in this case, if the defendant had appeared and pleaded some other plea, or had taken no advantage of this slip, so as the proceedings would have been vicious without amendment; but here, he having taken advantage of this slip by pleading *nul tiel record*, shall we vitiate his plea by amendment?"

It seems to us, that it would have been improper for the court, in the original suit, to have defeated the plea of *non est factum* by treating the complaint on the trial as amended, so that in place of describing a note "payable one day after date," to which the plea of *non est factum* was addressed, and which was the issue tried, it would be held to describe a note payable "on demand, with interest from date," with which averment no such issue was joined.

The action of the court in sustaining the demurrers to the first and second paragraphs of the answer was correct.

The judgment is affirmed, with costs.

*A. G. Porter, B. Harrison* and *W. P. Fishback,* for appellant.

*J. T. Dye* and *A. C. Harris,* for appellee.