GEORGE F. GREENE *v.* MERCHANTS' & PLANTERS' BANK.

1. CHANCERY PRACTICE.   *New trial at law.   Meritorious defense.*

   It is not error to deny relief on a bill in equity to set aside a judg-
   ment and for a new trial of the action in which it was rendered,
   where the complainant fails to show that he had a meritorious de-
   fense to the action; and, in such case, it is unnecessary to deter-
   mine whether the judgment was procured by fraud, accident or
   mistake, and without negligence on complainant's part.

2. RES JUDICATA.   *Identity of cause of action.*

   Where one has been sued as acceptor of a lost bill of exchange al-
   leged to have been drawn by a certain firm to its own order, and
   indorsed by the firm and one of the members thereof, and on his
   pleas of *non est factum* and payment, and the evidence in support
   of the same, the defendant has defeated a recovery, he cannot, in
   a second suit against him as acceptor of a lost bill, in all respects
   similar to the preceding bill, save that it was alleged to have been
   drawn not by the firm, but by said member thereof, maintain a

plea of *res judicata*, since it is impossible to say on which of his pleas the jury found for him in the prior suit, and, if not on that of payment, the only matter determined was that he did not accept the particular bill then sued on, which would not preclude an action on the bill that he did accept.

3. PLEADING. *Waiver of affidavit. Construction of pleas. Sufficiency and effect.*

When it appears that the plea of *non est factum* accompanying that of payment in the first suit was not sworn to, but treated by the parties and the court below as if free from that objection, and that, in the second suit, there was no plea of payment, but only those of *res judicata* and *non assumpsit*, the case, on defendant's bill in equity for a new trial, alleging that the demand had been in fact paid prior to the second suit, should be considered as though in the first suit the defendant had plead *non est factum* and payment. and in the second *res judicata* and payment. Payment having been plead in the first suit, it would have been no surprise to the plaintiff if the defendant had obtained leave, and plead it in the second, as he might have done but for the unexpected termination of the second suit.

FROM the chancery court of Adams county.

HON. CLAUDE PINTARD, Chancellor.

The opinion states the case.

*Ernest E. Brown*, for the appellant.

1. The verdict in the first suit was a general one, and decided all the issues involved, including that of payment, in favor of the defendant. *Land* v. *Keirn*, 52 Miss., 347; *Perry* v. *Lewis*, 49 *Ib.*, 447; *Agnew* v. *McElroy*, 10 Smed. & M., 554; *Scharff* v. *Fonda*, 71 *Ib.*, 627. *McMahon* v. *Webb*, 52 Miss., 424, has no application. That was a suit by McMahon and wife, on a bond, without joining their co-obligee as party plaintiff, and the court simply held that the bond could not be introduced, because of a variance. The merits were not, and, as the suit was brought, could not be, passed upon.

It is held, in many states in recent years, that a general verdict is at least *prima facie* evidence that all issues were found in favor of the successful party. *Rhodes* v. *Metropolis* (Ill.),

36 Am. St. Rep., 468; 21 Am. St. Rep., 71; 19 Am. St. Rep., 470. *Rhodes* v. *Metropolis* was decided in November, 1891, and is very similar to the case at bar. It shows considerable research, and in it are discussed *White* v. *Simonds*, 33 Vt., 178, s. c. 78 Am. Dec., 620; *Day* v. *Vallette*, 25 Ind., 42, s. c. 87 Am. Dec., 353; *Sheldon* v. *Edwards*, 35 N. Y., 279; *Merchants' Steamboat Line* v. *Lyon*, 12 Fed. Rep., 63. I challenge the soundness of the Massachusetts decisions holding that, where there are several issues, any one or all will still be open for contention in a second suit, unless the successful party introduces evidence to show that the particular issue involved in the second suit was actually decided by the jury in his favor. That would involve an improper inquiry into the secret deliberations of the jury. *Rhodes* v. *Metropolis, supra.* See, also, 21 Am. & Eng. Enc. L., 187; 28 *Ib.*, 358; *Steamship Co.* v. *Mount*, 103 U. S., 239; *Haynes* v. *Ordway*, 58 N. H., 167; *Allard* v. *Hamilton*, 58 *Ib.*, 416; *Hall* v. *Zeller Bros.*, 17 Or., 381; *Richardson* v. *Turnpike Co.*, 6 Vt., 496; *Wolf* v. *Goodline Fire Ins. Co.*, 43 Barb. (N. Y.), 400. It is not denied that both suits were for the same indebtedness and the fact of payment has been adjudicated.

2. The evidence adduced by the complainant in his equity proceeding showed that the acceptance had been in fact paid by special deposits made by Rucks & Dunbar with the appellee.

3. The bank, in the second suit, filed a copy of the acceptance alleged to have been lost, which differed from the one described in the uncontradicted testimony of R. F. Dunbar as the only one given, in that it was addressed to no one in particular, and was not payable at any particular place. Had the proceeding been in the circuit court, this would have constituted a variance fatal to appellee's claim. *Carter* v. *Preston & Stetson* 51 Miss., 425.

*Martin & Conner*, for the appellee.

1. There being two pleas—one of *non est factum* and the

other of payment—in the first suit, it is an open question upon which issue the jury, by its general verdict, found for the defendant.  It may have been, and most likely was, on the plea of *non est factum*, and in such case there would be nothing to preclude an action on an acceptance materially differing from the one first sued on.  The causes of action must be identical to warrant a plea of *res judicata*, and, by a general verdict, all issues involved are found in favor of the successful party. *Cromwell* v. *Sac Co.*, 94 U. S., 351; *Burlen* v. *Shannon*, 99 Mass., 202; *Foster* v. *Bustud*, 100 Mass., 409; *Wilson* v. *Deen*, 121 U. S., 525; *Morgan* v. *Burr*, 58 N. H., 470; 21 Am. & Eng. Enc. L., p. 192; *Pattison* v. *Jones*, 27 Ind., 457; 21 Am. & Eng. Enc. L., pp. 187, 188; *McMahon* v. *Webb*, 52 Miss., 424; Bigelow on Estoppel (5th ed.), p. 61, § 6, and authorities cited.

2.  The allegation of the bill that the acceptance was paid is not sustained by the evidence.

COOPER, C. J., delivered the opinion of the court.

The appellant exhibited his bill in the chancery court of Adams county, by which he seeks to vacate a certain judgment at law recovered against him in the circuit court of Adams county by the appellee, and for a new trial of the matters involved in that suit.  From a final decree denying relief and dismissing his bill the complainant appeals.  The bill alleges that the judgment at law was secured in the absence of counsel complainant had employed to represent him; that his counsel had removed from the state, leaving his unfinished business in the care of an attorney, Mr. Winchester, who went to Guatemala in September on business of great importance, expecting to return before the November term of the court, but died from sudden sickness, about November 1, 1893; that his death was not known in Natchez until November 15; that the November term of the circuit court began on the thirteenth of November, and on the fourteenth a judgment was taken against

him, and on the eighteenth the court finally adjourned, so that, before the attorney employed by complainant, who was himself absent from the state, had notice of the condition of affairs, it was too late to move for a new trial at law.

The complainant avers that he has and had a meritorious defense to said action at law, consisting of these facts:

On the seventh day of October, 1891, the defendant sued the complainant and the firm of Rucks & Dunbar, composed of H. T. Rucks and R. F. Dunbar, and R. F. Dunbar individually, in the circuit court of Adams county. The said suit was on a lost bill of exchange, an alleged copy of which was filed with the declaration, and which was as follows:

"$1,500.          GREENVILLE, MISS., August 1, 1889.

"Ninety days after date pay to our own order fifteen hundred dollars, and charge to account of          RUCKS & DUNBAR."

Written across the face of the paper were the words: "Accepted. George F. Greene," and indorsed on the back the names " Rucks & Dunbar," " R. F. Dunbar." To this action Greene pleaded by an unsworn plea that he had never accepted the bill of exchange in the declaration mentioned, and also that he was bound on said bill only as accommodation acceptor, and that Rucks & Dunbar had, before the institution of the suit, fully paid the sum thereby secured.

On these issues a trial was had, resulting in a verdict and judgment in favor of Greene. Rucks & Dunbar and R. F. Dunbar made no defense, and judgment by default was taken against them. After the rendition of this judgment—viz., on November 25, 1891—the defendant brought a second suit against Greene, as acceptor, and against R. F. Dunbar as drawer and Rucks & Dunbar as indorsers; that to this action Greene pleaded *non assumpsit* and also *res judicata*, setting up the proceedings and judgment in the first action, and averring that the cause of action in the two suits was the same, and the defendant filed a replication of *nul tiel record*. The complainant alleged, as a further ground of defense to said suit at law,

that, in fact, the demand on which it was brought had been fully paid and discharged by the firm of Rucks & Dunbar, for whom he had bound himself as accommodation acceptor.

To maintain his bill the complainant took the deposition of R. F. Dunbar, who testified that, in the first action at law, he was examined as a witness, and, among other matters, had then testified that the lost acceptance upon which the action was brought was signed by himself, individually, as drawer, and not by the firm of Rucks & Dunbar; that he sent the bill to Greene, who accepted and returned the same to him, and he then indorsed his own name and that of his firm on its back and delivered it to the Merchants' & Planters' Bank, which discounted the bill and applied its proceeds according to his instructions. He further states that he testified that the bill accepted by Greene had been fully paid. He also says that, on that trial, the officers of the bank and the attorney to whom the acceptance had been sent for suit, and who lost or mislaid the bill, testified that the bill was drawn by the firm of Rucks & Dunbar, and not by Dunbar individually, and the officers of the bank denied that it had been paid. In addition to the defense that the matters involved in the second suit at law were adjudicated in the first, the complainant further avers that, in fact, the bill of exchange had been fully paid by Rucks & Dunbar.

It is conceded by counsel for appellant that, to entitle him to relief in equity, he must show (1) that the judgment at law was secured by fraud, accident or mistake; (2) that appellant was not guilty of neglect in defending; (3) that he has a meritorious defense.

We will consider the defenses to the suit at law which are relied on by the appellant. If they are not meritorious, no other question need be discussed. As we have said, these defenses are (1) *res adjudicata*, (2) payment.

Counsel makes some contention as to the pleadings in the suits at law, which we dispose of with a few remarks. In the

first suit the plea of *non est factum* was not sworn to, but no objection was made thereto, and evidence was introduced and the trial proceeded with in all respects .as though the plea was a sworn one, and, after the verdict, the defect was cured. Code of 1880, § 1727.

To the second suit no plea of payment was interposed and hence the appellee contends that, as the complainant, as defendant in that suit, would not have been permitted to introduce evidence of payment, he cannot, in this proceeding, show the fact of payment as constituting a meritorious defense to that action.    But, in view of the course of the litigation and of the fact that, in the first action, payment was relied on by the defendant, we think the plaintiff would not have been taken by surprise by an application of the defendant for leave to plead payment, which leave, we think, the court would undoubtedly have granted.

We think the case should be considered as though, in the first action, the defendant had pleaded *non est factum* and payment, and in the second *non assumpsit, res adjudicata* and payment.

If the first suit had been upon the original bill of exchange, there would be no difficulty in determining whether the judgment in favor of the defendant was upon the plea of *non est factum* or that of payment, for, upon inspection of the bill, it would have appeared whether it was the one described in the declaration or not, and the court would have admitted it in evidence if it conformed to the declaration, and thus have submitted practically but one issue to the jury—that on the plea of payment; or would have excluded it if it did not conform to the one described in the declaration, and thus have put an end to the suit.    But the bill had been lost, and the suit was upon what was alleged to be a copy, and whether it was or was not a true copy was disputed, and this controversy could only be settled by the verdict of the jury.

The complainant does not aver that the bill of exchange accepted by him was in fact drawn by Rucks & Dunbar, and that

it was so found by the jury, and, hence, that the verdict in the first action was rendered in his favor on the plea of payment. He begins his complaint by the statement of the nature of the first suit and of the instrument on which it was brought, sets out the pleadings therein and the verdict, and then proceeds to describe, in like manner, the second action at law, and avers that the defense of *res adjudicata* would have availed, if, by reason of fraud, accident or mistake, he had not lost his opportunity of insisting on his plea at law.

The insuperable difficulty of maintaining this contention is, that, neither by the averments of his bill nor by his evidence, is it made to appear that there was identity either of causes of action or of issues in the two suits.    In dealing with the difficult and technical subject of estoppel by record, we are admonished by the great volume of what has been written by judges to confine our remarks to the precise questions presented. There are certain fundamental rules applicable to the case as made by the bill, which are conclusive against the claim of the complainant that the matters involved in the second suit were adjudicated in the first.

In the first place, looking at the records in the two cases, we see that the causes of action are not the same, and, though it is not always essential to estoppel by record that there should be identity of causes of action, the exceptions are where the second suit is upon a part of an indivisible right or demand, a part of which was involved in the former adjudication (*Corbet* v. *Evans*, 25 Penn. St., 310; *Farrington* v. *Payne*, 15 Johns., 432), or where the specific facts or questions have been determined in a former suit (1 Howell on Estop., § 98, and authorities cited in note 1; *Cromwell* v. *County of Sac*, 94 U. S., 351; Bigelow on Estop., 83; *Duchess of Kingston's Case;* 2 Smith's Ldg. Cas., 784).    And the test in this class of cases is whether the evidence which would support the one case would sustain the other.    Bigelow on Estop., 79; *Steinbach* v. *Ins. Co.*, 77 N. Y., 498; *Riker* v. *Hooper*, 35 Vt., 457.

There is no extrinsic evidence to show upon which of the two issues presented in the first suit—*non est factum* and payment—the verdict was returned, and the record itself of that action does not disclose that fact. There were, therefore, submitted to the jury two questions, distinct in their nature and effect. If the jury had found for the plaintiff on the issue joined on the defendant's plea of *non est factum*, and for the defendant on his plea of payment, the judgment would have been a conclusive adjudication of the matters in dispute. If the verdict was for the defendant on his plea of *non est factum*, the only matter determined was that the defendant had not accepted the particular bill sued on, and that does not prevent another suit on the bill he did accept. *Pattison* v. *Jones*, 27 Ind., 457. The verdict proves nothing more than that the jury found for the defendant on one or the other issues, but on which we do not know. Under such circumstances, the rule is that the whole matter remains at large, and there is no estoppel. *Burlen* v. *Shannon*, 14 Gray, 433; *Aiken* v. *Peck*, 22 Vt., 255; *Hooker* v. *Hubbard*, 102 Mass., 245; *Russel* v. *Place*, 94 U. S., 606.

We are of opinion that no payment in fact of the sum secured by the bill of exchange is established. Rucks & Dunbar were continuously indebted to the bank after the maturity of the bill. They continued to make deposits on their general account, and to draw against the same, until their failure in business. They gave no check to the bank for the amount of the bill, and it is not pretended that it was ever charged up to them on the books of the bank or on their pass book. Mr. Dunbar, it is true, testifies that he instructed the officers of the bank to apply his deposits to the payment of the bill, but this fact is denied by them. It is unquestionably true that Rucks & Dunbar at no time had any sum standing to their credit on the books of the bank which could have been applied to the payment of the bill. The effort now is to have the deposits made by the firm from time to time, and which were continually drawn out in the course of business, applied to the bill of exchange, and pay

it by increasing the unsecured general balance due by the firm to the bank. This cannot now be done, and it is, we think, entirely certain that the parties never contemplated that it should be done while the deposits were being put in and taken out of the bank. The course of business pursued shows that the deposits were neither made or received as payments on the bill on which the appellant was acceptor.

*The decree is affirmed.*

*Ernest E. Brown*, for the appellant,

Filed a suggestion of error, reviewing the authorities and again urging that the evidence showed that the acceptance had been paid, and that no such instrument as that of which an alleged copy was filed with the second suit had ever existed.

COOPER, C. J., delivered the following response to the suggestion of errror:

We fear that counsel has not carefully read the record and the opinion of the court, as to which he suggests error. Neither in the first nor second suits at law was there a valid plea of *non est factum*, for in neither was the plea sworn to. Code of 1880, § 1633. But as the plea in the first action was treated by the parties as a plea of *non est factum*, and as their rights could only be fairly considered by so regarding it, we dealt with it as the parties had. But, since the whole course of the litigation showed that the appellant always insisted that the bill of exchange described in the second suit at law was the one he did accept, we gave to the plea in that action its legal technical effect.

Counsel is in error in his statement that the court has mistaken the facts appearing in the record. We know more of the record than counsel does. On page 73 the witness, Dunbar, states that, on the first trial, he heard Dr. Walker, the president of the bank, testify, and that he said " that he knew nothing of the deposits made being special ones against the fifteen hundred dollar draft, and that Robertshaw, the cashier, had not

so informed him; that the total deposits made by Rucks & Dunbar between October 1, 1889, and November 2, 1889, the date of the maturity of the fifteen hundred dollar draft, only amounted to a little over two thousand dollars, as shown by the bank books, and, out of these deposits, the draft of one thousand dollars had been paid. Dr. Walker further testified that the account of Rucks & Dunbar with his bank was overdrawn at the time the said fifteen hundred dollar draft was discounted, and continued overdrawn until after the maturity of the draft.'' We were not, therefore, mistaken in saying that on that trial the officers of the bank testified that the bill had not been paid.

*Suggestion of error overruled.*