BOARD OF SUP'RS OF LAUDERDALE COUNTY v. WILSON et al.*

(In Banc.  Nov. 21, 1927.  Suggestion of Error Overruled Dec. 12, 1927.)

[114 So. 609.  No. 26536.]

1.  JUDGMENT.  *Decree refusing to prevent construction of road held not conclusive as to constructing another road, questions decided not appearing.*

Judgment that writ of mandamus did not lie to compel board of supervisors to award contract for building of particular road was not *res judicata* of questions presented in suit to restrain board from awarding contract for building of another road, where it did not appear what questions were decided in former case because board, in former case, had' filed separate and distinct pleas based upon supposed questions of law and fact and it did not appear upon which court rested judgment.

2.  HIGHWAYS.  *Board could not be enjoined from constructing road complying with purpose of statute, though deviating from road designated in resolution (Hemingway's Code 1927, section 8496 et seq.).*

Where board of supervisors issued bonds and collected proceeds, acting under Hemingway's Code 1927, section 8496, *et seq.*, it could not be enjoined from executing contract for construction of road, connecting with highway of adjoining county, complying with dominant purpose of statute, but which deviated several miles from established road designated in board's resolution relating to issuing bonds for intercounty highways, since where adjoining county changed route, board', under constitutional jurisdiction of roads, was compelled to choose between old route designated or new route connecting with road in adjoining county.

COOK and HOLDEN, JJ., dissenting.

*Corpus Juris-Cyc. References: Highways, 29CJ, p. 598, n. 49; Judgments, 34CJ, p. 915, n. 55.

APPEAL from chancery court of Lauderdale county.
HON. G. C. TANN, Chancellor.
Suit by G. F. Wilson and others to enjoin the board of supervisors of Lauderdale county from spending

money derived from the sale of bonds in the construction of a particular county road.  From a decree for complainants, defendant appeals.  Reversed and rendered.

*Baskin, Wilbourn & Miller,* for appellants.

Appellees, G. F. Wilson and others, alleging themselves to be resident citizens, property owners, taxpayers, and qualified electors of the county of Lauderdale, state of Mississippi, filed their suit in the chancery court of Lauderdale county, Mississippi, in their own behalf and on behalf of any and all other taxpayers of said county who may desire to join or intervene in the proceeding, and prayed for and obtained a temporary injunction to restrain the board of supervisors from expending any of the proceeds of a certain bond issue of four hundred thousand dollars of the county of Lauderdale and state of Mississippi theretofore issued and sold and then in the hands of the official of the county constructing and extending the Meridian & Louisville road by way of Gum Log Church, Shucktown and Center Hill to the line between the counties of Kemper and Lauderdale, and from awarding any contract for the construction, extension and improvement of such road, to be paid for or satisfied out of the proceeds of such bond issue.  Temporary writ of injunction issued on the mandate of the chancellor.

The cause was heard on the bill, answer and proof, and final decree was entered granting the relief prayed for and perpetuating the temporary injunction originally granted at the time of the filing of the bill.

The reported case of *Board of Supervisors of Lauderdale County* v. *P. C. White et al.,* 108 So. 913, quotes practically all of the proceedings, with reference to the bond issue involved in the present suit and the agreed statement of facts on which the mandamus case was tried.  A comparison of the mandamus suit with the present suit for an injunction will disclose that in the mandamus suit

practically the same parties as the ones who are appellees
in this case there sought to compel the board of super-
visors to construct, extend and improve the Meridian &
Louisville road along the route by way of Arkadelphia.
Whereas in the present case practically the same par-
ties are seeking to enjoin the board of supervisors from
constructing and extending and improving such road by
way of Gum Log Church, Center Hill, and Shucktown,
to the Kemper county line.

From a comparison of the two cases the complaining
parties have proceeded upon the theory that the board of
supervisors, under the proceedings taken and had with
reference to the bond issue, were without any discretion
in the matter of the laying out of the route of the pro-
posed extension and improvement of the Meridian &
Louisville road, and were within power and authority to
make such extension and improvement along any route
excepting the one by way of Arkadelphia to the line be-
tween the counties of Kemper and Lauderdale, notwith-
standing the fact that in the resolution authorizing the is-
suance of the bonds it is stated that the proceeds thereof
are "to be used in *construction and extending* the public
highways of the county *so as to connect with the improved
highways of the adjoining counties and to form a com-
plete system of intercounty and interstate improved high-
ways.*"

The points involved are practically identical.

Appellees are barred of any right to maintain this
suit by the decision of the supreme court in the manda-
mus proceeding brought by practically the same petition-
ers as these appellees in which the questions upon which
the right to an injunction in this suit depend were either
actually and expressly decided, or were necessarily in-
volved. The court will bear in mind that this present suit
for an injunction and the former suit for a mandamus
against the board of supervisors are both suits by tax-
payers on behalf of themselves and other taxpayers, con-
cerning a public question and a public right.

Both suits involved, necessarily and inescapably, the question as to the power and right and discretion of the board of supervisors under the resolution of intention to issue the four hundred thousand dollars of bonds, to lay out and prescribe the route for the extension and construction of the contemplated improvement of the Meridian and Louisville road for approximately nine miles so as to cause such road when so constructed and extended, to join to the improved part of the highway in the adjoining county and to become a part of a system of intercounty and interstate improved highways. *Dean et al.* v. *Board of Supervisors of De Soto County,* 135 Miss. 268, 99 So. 563. *Town of Tallassee* v. *State* (Ala.), 89 So. 514, 20 A. L. R. 1127.

There is an extensive note found in 20 A. L. R. 1133, on the following topic: "Judgment in favor of defendant or respondent in an action or proceeding involving a matter of public right or interest as a bar to a subsequent action or proceeding by a different plaintiff or relator." The cases cited in such note abundantly sustain our contention that the decision in the original mandamus suit of the public questions therein involved and on the principles that necessarily had to be determined in passing on such cause is *res adjudicata* as against taxpayers bringing this suit for an injunction.

It is contended by the appellants, who were also the appellants in the former mandamus suit, that the bonds in question were issued under the authority of Section 7241, Hemingway's Code, as the same has been amended by chapter 207 of the Laws of 1920. That matter was fully discussed in the briefs in said cause.

Even if we were mistaken in our conclusion that the authority and predicate of the issuance of the bonds in question was section 7241, Hemingway's Code, still the same result must be reached in the case for the reason that the resolution itself makes it manifest that the dominant thought and purpose of the board of supervisors in the adoption of the resolution of intention was to use the

funds derived from the sale of the bonds in constructing and extending the various roads referred to in the resolution, for certain approximate distances, the precise locations and routes of which were not fixed, so as that when such roads should have been completed such approximate distances they would link up with improved highways in adjoining counties and form a part of a complete system of intercounty and interstate improved highways.

All of these points were extensively argued, and numerous authorities cited on both sides, in the former mandamus suit. We cite the following authorities on the power of the board of supervisors with reference to the public roads: Sec. 170, Con. of Miss., as amended, Laws of 1922, page 145; *Grenada County* v. *Olsen*, 118 Miss. 885, 80 So. 333; *Claiborne County* v. *Callender*, 128 Miss. 159, 90 So. 722; *Brooks* v. *Board of Supervisors of Simpson County*, 102 So. 777; *Havens, Tax Collector* v. *Hewes*, 128 Miss. 650, 91 So. 397; *State* v. *Board of Supervisors*, 111 Miss. 867, 72 So. 700; *State* v. *Board of Supervisors*, 113 Miss. 689, 95 So. 683.

The judicial discretion of the board of supervisors in matters of this nature may not be controlled by the writ of injunction. *McCool* v. *U. S. F. & G. Co.*, 91 So. 566; *Pearl River County* v. *Town of Picayune*, 89 So. 10.

*Amis, Dunn & Snow,* for appellants.

The material facts in this case are substantially the same as those in the case of the *Board of Supervisors* v. *White, et al.*, 108 So. 913. The only distinction between the two cases is the difference in the remedies invoked. The mere shifting from one remedy to another, as is the case here, does not alter the substantial equitable or legal rights of either of the parties. The decision of this court in the case of *White* v. *Board of Supervisors, supra,* settles the law applicable to the case in hand.

There are two dominant questions arising from the record upon which the case must be determined. First, the construction to be given the resolution adopted by the board of supervisors under which the bonds were issued. Second, did the board of supervisors by the adoption of the resolution in question exhaust or expend its discretionary powers to such extent as that it has no power of discretion now respecting the particular roads or segments thereof upon which the money realized from the sale of the bonds should be expended.

That the bonds were intended to be issued under the authority of chapter 175, Laws 1914, sec. 7241, Hem. Code, in the manner provided by chapter 207, Laws of 1920, seems to be clear. And this court so held in *Board of Supervisors* v. *White,* 108 So. 913. By said statute boards of supervisors are authorized to issue the bonds of the county for the purpose of constructing and extending the public highways of such county so as to connect with the improved highways of adjoining counties, constructed and maintained by such adjoining counties out of the proceeds of bond issues so as to form a complete system of intercounty improved highways. The dominant purpose of the statute was to grant authority to boards of supervisors to issue bonds for the purpose of extending and constructing roads of a particular nature . . . not public roads generally . . . such roads are to be constructed so as to form a complete system of intercounty highways by connecting such roads with similar roads of adjacent counties.

The fact that the resolution names certain roads, and that there was a road commonly known as the Louisville road in the county at the time the resolution was adopted, is not and cannot be all controlling in arriving at the meaning and purpose of the resolution. The roads mentioned in the resolution are not described by such terms as established roads, roads known as the Meridian and Louisville road or as roads now laid out and established. The qualifying and descriptive terms used are that such

roads are to be "extended and constructed so as to connect with improved highways of adjoining counties and form a complete system of intercounty and interstate highways." This language means that roads are to be constructed, extended and laid out in such manner as that they will connect with improved highways of adjoining counties.

A reasonable construction of the resolution could be stated thus: "The Meridian and Louisville road is to be so extended as that when extended and constructed it will connect with an improved road in Kemper county." If the resolution be susceptible to such construction, they, some body or tribunal, must determine the manner of the extension so as to effect the main purpose, namely, the forming of a connection with an improved road in the adjacent county.

It is common knowledge that many and radical changes have been made in the location and routing of roads since we began our program of improvement of the system of roads in the state.

Boards of supervisors have exclusive jurisdiction of roads, bridges and ferries, such jurisdiction to be exercised in the manner provided by law, 170 Con. of Miss. The exercise of this constitutional jurisdiction can be regulated, but cannot be taken away by law. *Board* v. *Arrighi,* 54 Miss. 668; *Paxton* v. *Baum,* 59 Miss. 531; *Seal* v. *Donnelly,* 68 Miss. 685; *Prother* v. *Googe,* 108 Miss. 670. By the Constitution boards of supervisors are assigned to the judicial department of the state government. *Haley* v. *State,* 108 Miss. 904. Therefore, boards of supervisors cannot be controlled in the exercise of their constitutional jurisdiction and discretion in respect to roads. *Shotwell* v. *Covington,* 69 Miss. 735; *Sandy Bayou Case,* 87 Miss. 125; *Robinson* v. *Board of Supervisors,* 105 Miss. 90; *Monroe County* v. *Strong,* 78 Miss. 570; *Rothenberg* v. *Yalobusha County,* 67 Miss. 470; *Shurles* v. *Board of Supervisors,* 91 So. 563; *Board of Supervisors* v. *Calender,* 90 So. 722; *Brooks* v. *Board of Supervisors,* 102 So. 777.

*C. B. Cameron,* for appellees.

Appellants' contentions may be boiled down to two propositions:

1. That they are in reality building The Meridian and Louisville road but are simply making certain changes in the route and that these changes are entirely within the discretion of the appellants.

2. That this change in the route is necessary in order that the primary consideration and purpose of extending public highways so as to connect with improved highways may be accomplished.

The taxpayers of Lauderdale county were not voting money to enable the appellants to provide a public road from Meridian to any other particular place. They voted the money for the particular roads designated by the appellants' in their own resolution. The Meridian and Louisville road is the *name* of a road. It has a definite individuality as much so as the New Orleans and Northeastern Railroad Company or the Alabama and Vicksburg Railroad Company or the Illinois Central Railroad Company and if their contentions be correct you may as well state that bonds issued for the Illinois Central Railroad could as well be applied to the Y. and M. V. Railroad because you can go from Memphis to Jackson by either road. They are not merely changing the route of the Meridian and Louisville road but they have wholly ignored this road and unless restrained perpetually by this court they will use the proceeds of this four hundred thousand dollar bond issue in the construction of an entirely different road from any of the roads mentioned in the original resolution and they will undertake to construct the Shucktown road, a road which was not mentioned in the resolution and most assuredly was not in the minds of the people at the time they voted on the bond issue.

We have a statute of the state requiring the board to name in the resolution the purposes for which the proceeds of the bond issue are to be used; we have in the instant case the resolution of the appellants specifically naming the roads to be improved out of the proceeds; we have the notice calling the election specifically referring to the roads mentioned in the order or resolution of the appellants; we have the solemn vote of the people authorizing the bond issue for those particular roads; we have the statute not only prohibiting the use of the funds arising from the sale of the bonds for any other purpose than the construction of the particular roads named but we find further that the statute makes it a crime to divert the funds to any other purpose; we have the bonds actually sold and the money placed in the treasury to be devoted to the particular purposes named; we have the appellants' most solemn announcement that they will not use the proceeds as set forth in their resolution which was authorized and ratified by the people and as commanded by the statute. Yet, it is contended that the appellants do not have to use these funds except as their judgment dictates.

Their judgment apparently in the instant case dictates that the Shucktown road be substituted for the Meridian and Louisville road.

We again urge upon this court the the case of *Scott* v. *Forest*, 174 Ky. 672, 192 S. W. 691. The court said: "Since the order was made prior to the election, and at a time when the voters were interested in knowing" (not because the statutes said so) "*on what roads* the proceeds of the bonds would be used, it cannot be doubted that the voters had the right to rely on the fact that the order expressed the final determination of the fiscal court and cast their ballots accordingly." Under these circumstances, the order was in effect a contract with the people, and good faith requires that the contract be kept. A contrary rule would permit fiscal courts (appellants) "to apply money voted by the people for one

purpose to another and different purpose for which it would not have been voted had the people been apprised in advance of such an act.''

The bonds, in the case at bar, were voted for the extension and construction of the seven roads named including the Meridian and Louisville road. The Kentucky case has been followed and approved in many subsequent cases among them being: *Lawrence* v. *Lawrence Fiscal Court,* 191 Ky. 45, 229 S. W. 139; *Percival* v. *City of Covington,* 191 Ky. 337, 230 S. W. 300; *Campbell* v. *Clinton County,* 176 Ky. 396, 195 S. W. 787; *Reynolds* v. *Bracken County,* 192 Ky. 180, 232 S. W. 634; *Black* v. *Strength* (Tex.), 246 S. W. 79. In this connection see the case of *Cruse* v. *Police Jury of La Salle Parish of La.,* 92 So. 679.

On a re-hearing before the whole court, the point decided was whether after the taxpayers had voted for an authorized bond issue for the construction of the Ola-Rosefield road, a well-known and established road pursuant to an ordinance adopted prior to the election, the route of the road to be changed or a new road built a distance of two miles from the named road at one point.

The court among other things said: ''The main question at issue, then, does not involve the discretionary right of the police'' (appellants here) ''to select a line for a new road nor its discretionary right in rebuilding old roads to make slight changes or alterations to avoid sharp curves, bogs or other obstacles, but it involves the authority of the police jury to establish and build an entirely different road'' (The Shucktown road here, for instance) ''with the proceeds of bonds which were voted for the purpose of grading and surfacing a well-defined, well-known and long-established road.

''On presentation of this phase of this case on rehearing, we have no hesitancy in saying that the defendant police jury has no such authority.''

This Shucktown road, as shown by this Record, traverses communities other than those established for years along the Meridian and Louisville road. The con-

clusion of the Louisiana court was reached without the
aid of a peremptory statute, as chapter 206, Laws of 1920.

As we understand the argument, it is simply this; the
general terms in the resolution, "for the construction of
intercounty, etc.," roads overrides the particular terms
thereof, or to state it in another way, the rule of law
that says, when particular terms follow general terms,
the particular term prevails, because the minds of the
parties may have been uncertain on the general terms,
but could not be on the particular . . . that this
sound canon of construction has no place in this case.
Also, another well-established rule that where there are
particulars that are incompatible with general provisions,
the particulars are to be given effect as an exception
(Black, Interpretation of Laws, page 231), has no place
in the construction of this particular resolution.

In the very resolution calling for the four hundred
thousand dollar bond issue, it was recited that the pur-
pose was to construct such connecting roads and then
particularizes the roads by the use of the following lan-
guage: "Said roads being . . . the Meridian and
Louisville road and others;" and the solemn adjudication
of the appellant upon its minutes was that the roads
named in the resolution were such connecting roads and
true it is that by raising such question, the bonds may
be of doubtful character, yet, they apparently contend
that their situation is such that they can't build the Me-
ridian and Louisville road, even if they were anxious so
to do. We know of no rule better settled in this state,
than that the recitals of the judgment of the board of
supervisors are conclusive and not controvertable in
collateral proceedings, and can only be changed by di-
rect appeal. *Hinton* v. *Perry County,* 84 Miss. 546.

Lauderdale county's right to construct and maintain
its roads cannot be controlled by subsequent acts of ad-
joining counties. No one questions the general author-
ity of the appellants over roads, bridges and ferries un-
der the constitutional provision to that effect. The acts

complained of in the bill of complaint are not acts in anywise dependent upon discretion.  The threatened acts disclosed by this record are not confined merely to an attempt on the part of the appellants to make a change in the route of the Meridian and Louisville road but the contemplated action of the appellants is an absolute abandonment of the Meridian and Louisville road and the attempted substitution therefor of an entirely separate and distinct road or highway in the county.

The legislature evidently had this very situation in mind when in its wisdom it declared that whenever bonds are voted for road building purposes and these purposes are stated in the face of the resolution, that the board is bound by the specific purpose therein mentioned and any change on the part of the board which has for its purpose the use of the money in question, for purposes not authorized, has been made by the legislature a crime, punishable by the criminal statutes of this state.

The court's attention is respectfully called to the ballot which was used by the electors when called upon to cast their vote: "Shall the board of supervisors of Lauderdale county, Mississippi, issue four hundred thousand dollars of the bonds of the said county for the purpose of constructing and extending the public highways of the county so as to connect with improved highways of adjoining counties and to form a system of intercounty and interstate highways, *as set out in the order of the board of supervisors* and as provided by law."  The court will at once observe that in the proposition submitted to the electors, direct reference was had to the resolution because of the language, "as set out in the order of the board of supervisors."

. The court's attention is called to the case of *Shurlds* v. *Holmes County*, 91 So. 563.  Mr. Chief Justice Smith said in this case: "The purpose for which the bonds were issued as appears from this resolution being *not* for the *construction of any particular road* but for constructing improved public roads, the board of supervisors have

the right to apply the proceeds thereof to the construction of any road in the district which can be classed as an improved public road.'' We insist that the converse of this proposition is true.

The decision in the mandamus case is not *res adjudicata* of the question now before the court for several different reasons.

1. The parties to the mandamus suit are not the same parties appearing as complainants in the chancery court. The mandamus suit was filed by P. C. White, D. C. Hughes, C. E. Pratt and J. A. Sandifer, while the bill of complaint in the instant case was filed by some twenty different taxpayers, none of whom were parties to the original mandamus suit.

2. The mandamus suit sought to compel the construction of the Meridian and Louisville road, while the present litigation has for its purpose the restraining of the appellants from the use of any portion of the bond issue in the construction of the Shucktown road and from awarding any contract for the construction of the same.

3. The subject-matter is entirely different as hereinbefore stated.

4. The decision by this court in the mandamus case was based solely and alone on the question of procedure and was not a decision on the merits, the court simply holding that mandamus did not lie under the facts disclosed by the Record.

*Mr. V. W. Gilbert* filed a separate brief for appellees and in addition to the points argued by the authorities above cited for appellees, made the following observation with reference to the question of *res adjudicata.*

The issue in the mandamus suit in this case was as to whether the board could by that proceeding be compelled to construct the Meridian and Louisville road; a great many questions arose and the court held that mandamus did not lie. The judgment of the court was to dismiss the mandamus suit. On what grounds does not appear,

neither in the memorandum opinion of the court nor in its judgment.  There has been no decision on the merits of the case, 34 C. J., pp. 760, 774, sec. 1193.

Argued orally by *R. E. Wilbourn,* for appellant, and *Chas B. Cameron* and *V. W. Gilbert,* for appellee.

McGOWEN, J., delivered the opinion of the court.

This is an appeal from a decree enjoining the board of supervisors of Lauderdale county from spending money derived from the sale of bonds in the construction of a particular county road.

In December, 1924, the board of supervisors of Lauderdale county submitted to the qualified electors thereof its proposal for the issuance of three hundred thousand dollars of bonds, "the proceeds from the issuance and sale of said bonds to be used in constructing and extending of the public highways of the county so as to connect with improved highways of the adjacent county and to form complete intercounty and interstate highways," which proposal the electors rejected.  In January, 1925, the board of supervisors adopted a resolution setting forth:

"That it is the intention of the board of supervisors to issue the bonds of the county of Lauderdale in the sum and amount of four hundred thousand dollars, the proceeds from the issuance and sale of said bonds to be used in constructing and extending the public highways of the county so as to connect with improved highways of adjoining counties and to form a complete system of intercounty and interstate improved highways, said roads being approximately ten miles on the Butler road; eight miles on the Meehan road; four miles on the Quitman road; nine miles on the Meridian and Philadelphia road; nine miles on the Meridian and Louisville road; eight miles on the Daleville road; and five miles on the Causeyville road."

This proposal to issue bonds was also submitted to the qualified electors of the county in an election called for that purpose and was, by them, approved. The ballot used in said election read as follows:

"Special Election, Lauderdale County, Miss.

"January 6, 1925.

"Proposition Submitted.

"Shall the board of supervisors of Lauderdale county, Mississippi, issue four hundred thousand dollars of the bonds of the said county for the purpose of constructing and extending the public highways of the county so as to connect with improved highways of adjoining counties, and to form a system of intercounty and interstate improved highways, as set out in the order of the board of supervisors, and as provided by law?

"For the bond issue:      ———.

"Against the bond issue: ———."

On the coming in of the record of the election commissioners, the board ordered the issuance and sale of bonds to the amount of four hundred thousand dollars, the order therefor reciting that:

"The proceeds from the issuance and sale of said bonds be used in the construction and extension of roads within the county so as to connect with the improved highways of adjacent counties, and to form a system of intercounty and interstate highways, as set forth in the order proposing the issuance of said bonds."

The bonds were issued and sold, and on their face recited that they were issued "for the purpose of using the proceeds in building and extending the improved highways within the said county, under the authority of the statute laws of the state of Mississippi, and also pursuant to the orders duly passed by the board of supervisors of Lauderdale county, Miss."

A part of the proceeds of those bonds has been used in constructing some of the roads set forth in the board's first order. The Meridian and Louisville road traverses

Lauderdale and Kemper counties.   The board decided not to improve the Meridian and Louisville road as it existed when the bonds were issued, but to improve another and different road from Meridian to the Kemper county line, which connects with another Kemper county road leading into the Meridian and Louisville road near Moscow.

During the pendency of these proceedings, the Kemper county board of supervisors had finally been permitted to issue bonds of road district No. 3 of said county for improving highways.   See *Board of Supervisors* v. *Calvert* (Miss.), 106 So. 213.   Thereupon the board of supervisors of Kemper county determined to improve from the Lauderdale county line, intersecting with the road *via* Shucktown, herein sought to be enjoined, which road has been constructed *via* Moscow connecting with the other road known as the Meridian and Louisville road.

No steps have been taken looking to connecting with the old Meridian and Louisville road by the construction of an improved highway in Kemper county toward Louisville.   The action of the Kemper county board negatives the idea that any such action is contemplated.   The proposed Meridian and Louisville road is several miles to the left of the old road, but is more nearly on an air line looking to Louisville as the objective from Meridian.

A number of taxpayers filed a petition in the circuit court praying for a writ of mandamus against the members of the board of supervisors of Lauderdale county, directing them to construct the Meridian and Louisville road as set forth in the order for their issuance of bonds. The writ was granted, but on appeal to this court, the judgment of the court below was reserved and the cause dismissed.   *Board of Supervisors of Lauderdale County* v. *P. C. White et al.* (Miss.), 108 So. 913.   The board then advertised for bids for the construction of the road from Meridian to the Kemper county line *via* Shucktown, which it had decided to construct in lieu of the original Louisville and Meridian road.   Thereupon several taxpayers

sued out a writ of injunction in the chancery court of Lauderdale county restraining the board of supervisors from making any contract for the construction of the road to be paid for out of the proceeds of the bonds hereinbefore referred to. On final hearing, the injunction was made perpetual, and the board of supervisors has brought the case to this court.

The appellee's contention is that the bonds were issued for the purpose of constructing a certain designated road, and under section 4, chapter 207, Laws of 1920, which provides that the proceeds of such bonds "shall be placed in the county treasury . . . or county depository as a special fund and shall be used for no other purpose than the purpose set forth in the original resolution of the board of supervisors," the proceeds must be so used.

The contentions of the appellant are: (1) That the appellees' contentions were decided adversely to them on the former appeal here in *Board of Supervisors* v. *White* (Miss.), 108 So. 913, and that the judgment rendered then is *res adjudicata*: (2) that there is no substantial deviation between the route of the road which the board of supervisors intend to construct and the road they designated in the order proposing the issuance of bonds as the Meridian and Louisville road; and, if mistaken in this (3) that the board was without power to designate the roads to be constructed before issuing the bonds therefor, and, consequently, the designation thereof here is not binding on the board.

In the former case, the judgment of the court below awarding a writ of mandamus was reversed by this court, and the petition for the writ was dismissed for the reason there set forth, that "a writ of mandamus will not lie on the facts disclosed by this record." In the former case, the effort was to coerce the board into awarding a contract for the building of a particular road. Here, the effort is to restrain the board from awarding a contract for the building of another and different road.

Assuming, however, that a question decided in the former case will be *res adjudicata* of the same question here, it does not appear what questions were decided in the former case, for there the board of supervisors filed separate and distinct pleas, based upon supposed questions of law and of fact, and it does not appear upon which the court rested its judgment. Consequently, the judgment then rendered is not *res adjudicata* here of any of the questions presented by the record before us. *Greene* v. *Merchants' & Planters' Bank,* 73 Miss. 542, 19 So. 350.

Appellant contends that the bonds were issued in this case under section 8496, Hemingway's 1927 Code (chapter 175, Laws of 1914); while appellee says they were issued under and pursuant to sections 4007 *et seq.*

We feel sure that appellants' contention is correct, as there is no similarity between the two schemes, and the entire proceedings of the board show that section 8496 *et seq.* was in their minds, they using the latter part of said section in the resolution, in the ballot, and on the bonds as issued. This scheme is county-wide, for a definite, specific purpose, in the construction of intercounty, improved highways, from bond issues.

1. Was there such a substantial deviation from the purpose expressed in the original resolution of the board as to warrant an equity court by its injunction in restraining the board of supervisors from constructing this new, or Shucktown, road? We think not.

The purposes stated in the resolution were twofold: First, the construction and extension of the present highways of Lauderdale county so as to connect with the improved public highways of the adjoining counties, to be maintained by such counties out of the proceeds of bond issues, so as to form a complete system of intercounty, improved, public highways; and, second, to construct the definitely known highway, "the Louisville and Meridian road."

When the board came to the point of finally letting a contract for construction, it found that Kemper county had issued bonds and had proceeded to construct a road leading from the county line across its county on towards Louisville, apparently, the kind of intercounty highway described in section 8496, and, by their action or non-action, had declined to improve the old Louisville and Meridian road. In Lauderdale county the new route decreased the mileage slightly, connected with a bond issue improved road at the Kemper-Lauderdale county line, was some miles distant from and to the left of the old road. In other words, this road would carry out the purpose of the law in virtue of which the bonds had been issued.

On the other hand, the people had voted on the bond issue in the light of that promise held out by the board that the old, established Louisville and Meridian road was to be constructed. If this old road shall be adhered to, the road will not connect with an intercounty highway. There is a deviation, no doubt, but, considering the fact that, in effect, two promises were held out to the people one of which must fail, we think the board, under its constitutional jurisdiction of roads, was compelled to choose between the two routes. It could not fulfill both of them, but, by the route proposed, they comply literally with the statute and secure a road from Meridian to Louisville.

The board, in this state of the record, chose the road which accomplished the purpose of the statute, authorizing the bond issue, and this deviation cannot be said to be unlawful, because it more nearly carries out the purpose of the law—the construction of an intercounty highway connecting the two objectives.

We conclude, therefore, that the board of supervisors, who, acting under section 8496 *et seq.,* Hemingway's 1927 Code, issued bonds thereunder and collected the proceeds thereof, may not be enjoined by a court of equity from executing a contract and paying therefor, when the road contemplated, the Shucktown road, complies with the

dominant purpose of said statute, even though the resolution specifically designated an established road, the Meridian and Louisville road, and notwithstanding there is a deviation, for the most part, of several miles to the west of the named established road. To hold otherwise might defeat the construction of any improved road connecting with the two points, Meridian and Louisville.

2. We pretermit a decision of the question as to whether or not the board had the power to designate the particular road 'to be constructed before issuing the bonds, and as to whether or not the board was bound by its said designation of the road prior to the issuance of the bonds.

The decree of the court below perpetually enjoining the board of supervisors from letting the contract for the construction of the new Meridian and Louisville road, the Shucktown road, and paying therefor out of the proceeds of the bond issue, is reversed, and decree will be entered here dissolving the injunction and dismissing the bill.

*Reversed, and decree for appellant.*

COOK and HOLDEN, JJ., dissenting.