SEWARD *v.* CITY OF JACKSON.

(Division A. Nov. 28, 1932.)

[144 So. 686. No. 30239.]

Howie & Howie, of Jackson, for appellant.

480

W. E. Morse, of Jackson, for appellee.

Argued orally by **Virgil Howie** and **William Fontaine**, for appellant, and by **W. E. Morse**, for appellee.

**McGowen, J.,** delivered the opinion of the court.

By the bill and demurrer in this case, the question for decision here is, Does the purchaser at a city tax sale of lands for delinquent and unpaid ad valorem taxes acquire title on delivery of the deed pursuant thereto, freed from the lien of the city for unmatured and unpaid installments of assessments for special improvements?

On April 7, 1930, the city of Jackson caused to be legally sold a certain lot for ad valorem taxes thereon regular_ly and legally assessed, and Seward, the appellant, was the purchaser, and, after April 7, 1932, the city delivered to him deed thereto.

At the same time the same. lot was sold for past-due and unpaid assessments for special improvements legally and regularly assessed in the year 1927 by the governing authorities of the city, and, in pursuance of these sales, Seward acquired deeds therefor in due course of time.

Seward filed his bill, asserting that, in virtue of the above sales, he acquired the perfect, legal title to the lot

of land superior to and in extinguishment of any future installments of the assessment by the city in 1927 against said lot for special improvements.

There is no question raised as to the assessment and sale for ad valorem taxes, and likewise the assessment in 1927 for special improvements, to be paid in installments thereafter.

The applicable part of section 3120, Code 1930, is as follows: ''Taxes, both state and county, assessed upon lands or personal property, shall bind the same, and be entitled to preference over all judgments, executions, encumbrances, or liens, whensoever created; and all taxes assessed shall be a lien upon and bind the property assessed, from the first day of January of the year in which the assessment shall be made; and no property shall be exempt from distress and sale for taxes.''

Section 3273, Code of 1930, as to tax collector's deed and effect thereof, in part is as follows: ''When the period of redemption has expired the chancery clerk shall, on demand, execute deeds of conveyance to individuals purchasing lands at tax sales. . . . Such conveyance shall be attested by the seal of the office of the chancery clerk and shall be recordable when acknowledged as land deeds are recorded, and such conveyance shall vest in the purchaser a perfect title with the immediate right of possession to the land sold for taxes.''

Section 3428, Code 1906 (controlling the case at bar), is in these words: ''The deeds of the tax-collector to individuals, and the list of lands sold to the municipality, which shall be made as required to be made by the state and county collector, shall be filed within ten days after the tax-sale, with the municipal clerk; and each shall have the same force and effect, and confer the same right and entitle to the same remedies, as deeds and list made for delinquent taxes by the state and county tax-collector. But such title shall be subject to a title acquired under a sale for state and county taxes.''

The procedure by a municipality to fix a lien for assessments for special improvements is found in chapter 194, Laws of 1924, and in section 6 thereof is found the following applicable and pertinent language: "The governing authority [of a municipality] shall, by resolution, approve and confirm all assessments as finally fixed and adjusted at the said hearing, and such assessments shall, from the date of such confirmation, constitute a lien upon the respective lots or parcels of lands and other real property upon which they are levied, superior to all other liens except those for state and county taxes."

We think it proper to note that, by section 7 of said act, the sale and procedure thereto was to be in the same manner and at the same time as for city ad valorem taxes. That section provided that, if an installment became delinquent, the entire assessment indebtedness should be and was accelerated and became due and payable. This provision was, however, amended by chapter 26, Laws Ex. Sess. 1929, and the above acceleration clause was omitted therefrom.

The power to levy and collect ad valorem taxes on the part of municipalities was conferred by the Legislature by section 2394, Code of 1930, which was in force long before the sale here involved, likewise the power to levy and collect assessments for special improvements is conferred on municipalities by chapter 194, Laws of 1924. The liens and priorities are also fixed by the Legislature, which is the only source of power controlling municipalities.

Setting forth the applicable parts of the statutes seems to answer the question fully, and from which we learn that state and county taxes are a lien paramount to municipal taxes or assessments, and the deed to a purchaser executed in pursuance thereto conveys a perfect title.

Construing the statute as to the lien for municipal or ad valorem taxes in connection with section 6 of the Laws

of 1924, chapter 194, we find that the Legislature fixed the lien for state and county taxes as being paramount to all municipal taxes and assessments. By section 6, the city ad valorem taxes were specifically not excepted along with state and county taxes thereby creating the assessment lien therein provided for as superior to municipal ad valorem taxes, consequently the purchaser at a municipal ad valorem tax sale is advised that he buys the land subject to the lien for unmatured installments of assessments, and that lien is not affected by the sale for municipal ad valorem taxes, and so likewise as to the deed he receives. The Laws of 1924, chapter 194, amend or modify the law as to ad valorem tax liens to this extent.

The statutes quoted make clear the legislative intent, as plainly expressed, to subordinate municipal tax liens to special improvement liens.

It is equally clear that the sale for ad valorem taxes does not affect the assessment lien in any degree whatsoever, nor is the same accelerated or merged thereinto. They are independent of each other, and the statute preserves and sustains the priority therein announced.

Appellant, Seward, cities numerous decisions from various courts which are not in point, for the obvious reason that they are not based upon statutes like ours which fix the priority of the lien.

Municipalities have no powers except such as are delegated to them by the state. Hazlehurst v. Mayes, 96 Miss. 656, 51 So. 890; Wise v. Yazoo City, 96 Miss. 507, 51 So. 453, 26 L. R. A. (N. S.) 1130, Ann. Cas. 1912B 377.

Counsel for appellant asserts, without citing authority therefor, that the view we here announce is in conflict with section 112 of the Constitution of 1890, because this view destroys the equality of the lien, and he also urges that this view offends section 90, paragraph (h) of the Constitution, without citation of authorities or argument

for the position. We are unable to perceive that either section is offended.

In the last place, he argues that it would be inequitable to allow the city to maintain a paramount lien as against him. The answer is that equity follows the law, and equity says to him: ''You purchased at an ad valorem tax sale notified by the assessment improvement statute that the assessment lien now in force is superior to your title, and you take the land cum onere.''

The lower court properly sustained the demurrer of the city of Jackson to Seward's bill of complaint.

Affirmed.