## SEWARD *v.* CITY OF JACKSON.

(Division B. April 26, 1933. Suggestion of Error Overruled May 8, 1933.)

[147 So. 781. No. 30561.]

Bratton & Bratton, and **L. O. Smith, Jr.**, all of Jackson, for appellant.

W. E. Morse, City Attorney, of Jackson, for appellee.

Argued orally by **L. O. Smith, Jr.**, for appellant, and **W. E. Morse**, for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

The appellant filed a suit in the chancery court of Hinds county to confirm a tax title to certain lots in the city of Jackson, making the city of Jackson and E. H. Magruder, former owner of the property at the time it was assessed, defendants, and setting up that he was the purchaser of the lots at a city tax sale for ad valorem taxes against the property maturing during the year 1929; said property being sold at the regular time and place for the sale of such property for taxes in the year 1930. Prior to the tax sale, the city had made special improvements upon said property, and, on the same day the property was sold for ad valorem taxes and purchased by the appellant, the property was also sold for special improvements taxes which were in default and purchased by the city, under the law existing at that time. That law has since been amended so as to provide only installments will be embraced in the sale;

the statute in each case providing for two years for redemption.

There was no redemption from either the sale for ad valorem taxes or the sale for special improvement taxes.

These matters appearing on the face of the bill to confirm the title, a demurrer thereto was sustained, from which this appeal is prosecuted.

It is argued by the appellant that the ad valorem taxes being levied and assessed for the purpose of maintaining the government are superior to special improvement taxes levied to secure the city against expenditures for sidewalks abutting said property; and that the special improvement taxes are not in the nature of maintaining the city government, but are for special benefits for convenience.

The question appears to us to have been distinctly settled against the contention of the appellant in the case of Seward v. City of Jackson (Miss.), 144 So. 686, wherein the court construing the statute held that the special improvement tax was superior to all other liens except those for state and county taxes, and, at page 687 of 144 So., said as follows:

"The procedure by a municipality to fix a lien for assessments for special improvements is found in chapter 194, Laws of 1924, and in section 6 thereof is found the following applicable and pertinent language: 'The governing authority (of a municipality) shall, by resolution, approve and confirm all assessments as finally fixed and adjusted at the said hearing, and such assessments shall, from the date of such confirmation, constitute a lien upon the respective lots or parcels of lands and other real property upon which they are levied, superior to all other liens except those for state and county taxes.' We think it proper to note that, by section 7 of said act, the sale and procedure thereto was to be in the same manner and at the same time as for city ad valorem taxes. That section provided that, if an installment

became delinquent, the entire assessment indebtedness should be and was accelerated and became due and payable. This provision was, however, amended by chapter 26, Laws, Ex. Sess. 1929, and the above acceleration clause was omitted therefrom. The power to levy and collect ad valorem taxes on the part of municipalities was conferred by the Legislature by section 2394, Code of 1930, which was in force long before the sale here involved, likewise the power to levy and collect assessments for special improvements is conferred on municipalities by chapter 194, Laws of 1924. The liens and priorities are also fixed by the Legislature, which is the only source of power controlling municipalities. Setting forth the applicable parts of the statutes seems to answer the question fully, and from which we learn that state and county taxes are a lien paramount to municipal taxes or assessments, and the deed to a purchaser executed in pursuance thereto conveys a perfect title. Construing the statute as to the lien for municipal or ad valorem taxes in connection with section 6 of the Laws of 1924, chapter 194, we find that the Legislature fixed the lien for state and county taxes as being paramount to all municipal taxes and assessments. By section 6, the city ad valorem taxes were specifically not excepted along with state and county taxes thereby creating the assessment lien therein provided for as superior to municipal ad valorem taxes, consequently the purchaser at a municipal ad valorem tax sale is advised that he buys the land subject to the lien for unmatured installments of assessments, and that lien is not affected by the sale for municipal ad valorem taxes, and so likewise as to the deed he receives. The Laws of 1924, chapter 194, amend or modify the law as to ad valorem tax liens to this extent.''

We think it clear from the statute and this decision that the city's title is superior to that of the appellant; both sales being made on the same day, and that it was

the duty of the appellant, if he desired to perfect his title, to redeem from the city the title it received under the sale for special improvements.

The judgment of the court below will therefore be affirmed.

Affirmed.