## SHELTON *v.* RELIANCE INVESTMENT CO., INC.

No. 40361          January 28, 1957          92 So. 2d 329

*Leon L. Shelton,* Jackson, for appellant.

*Howie, Howie & Montgomery,* Jackson, for appellee.

McGEHEE, C. J.

The facts in this case are stipulated, and they disclose that the appellee, Reliance Investment Company, Inc., on April 6, 1953, purchased at a municipal ad valorem tax sale, Lot 7, Block 3, Uuderwood Survey, Part 3, according to the plat thereof of record in the Office of the Chancery Clerk of Hinds County at Jackson, Mississippi, the tax sale having been held by the City of Jackson for the delinquent ad valorem taxes due and unpaid on the said lot for the year 1952.

On the next day, April 7, 1953, the appellant Leon Shelton purchased the same lot of land from the City of Jackson for the then delinquent and unpaid annual assessment for special improvements. It appears, and it is in fact conceded that the tax sale on April 7, 1953, to the appellant was made at a continuation of the sale

made to the appellee on the next preceding day, due to the fact that there were so many sales to be made for delinquent taxes, including those for ad valorem taxes and for special improvements, as to render it impossible to complete the sale of all the lands on April 6, 1953.

- In due course, the City of Jackson, through its duly authorized clerk, executed a tax deed to the appellee Reliance Investment Company, Inc. on the 20th day of February 1955, and a tax deed to the appellant Leon Shelton on February 28, 1955. It is to be conceded that both of the said tax sales were legally and regularly held and were in all respects legal and valid. The lot in question was not redeemed from either of the said tax sales.

On February 3, 1956, the appellant filed a bill of complaint against the former owner of the lot, Amy Myles, and the appellee Reliance Investment Company, Inc. to confirm his title as the purchaser at the sale under the assessment for special improvement taxes, alleging that he was the purchaser under a superior tax lien to that under which the land was sold to the appellee Reliance Investment Company, Inc. for municipal ad valorem taxes, and that the said ad valorem tax purchaser had failed to redeem from the sale to the appellant within the time required by law therefor.

The former owner did not answer the bill of complaint or otherwise plead thereto, and hence a decree pro confesso was taken against her.

The trial court decreed that the sum of $53.85 which had been paid into the registry of the court by the Reliance Investment Company, Inc. be paid to the complainant in full and complete satisfaction of the lien against the lot in favor of the complainant, and that such lien be cancelled, satisfied and held for naught. The court thereupon confirmed under a cross bill as a fee simple title in the Reliance Investment Company, Inc, the purchase by it of the lot at the municipal ad valorem tax sale,

leaving the complainant Shelton with the right only to collect the $53.85 as a reimbursement to him of the taxes, expenses and interest incurred. He declined to accept this amount and he appeals from the said final decree and urges that he acquired the full and complete fee simple title to the land under the sale based on the assessment of improvement taxes upon the failure of the Reliance Investment Company, Inc. to redeem from the sale to him, before his title under the superior lien had expired.

We think that this case is controlled in favor of the appellant by the cases of Seward v. City of Jackson, 165 Miss. 478, 144 So. 686, and Seward v. City of Jackson, 165 Miss. 841, 147 So. 781, construing Section 6, Chapter 194, Laws of 1924 (Section 3664-06, Code of 1942, Annotated), which provides, among other things relating to assessments for special improvements by a municipality, that "said assessment shall, from the date of such confirmation, constitute a lien upon the respective lots or parcels of land and other real property upon which they are levied, superior to all other liens except those for state and county taxes."

As pointed out by the Court in the Seward cases, supra, municipal ad valorem taxes were not excepted from the provision of the act, and therefore the lien for state and county taxes is the only one recognized as not being made subordinate to the lien under an assessment for special improvements. A purchaser under a superior tax lien would necessarily acquire rights superior to a purchaser under an inferior lien. The holder of any junior lien by contract, or otherwise, must satisfy the superior lien before it is foreclosed. It may be that the failure of the Legislature to provide more time to a purchaser at a municipal ad valorem tax sale within which to redeem from a sale made under an assessment for special improvements, after the time the former sale has matured and before the latter has matured,

may leave the purchaser at the former sale without a ready and efficient remedy, nevertheless, as we see it, as the statute is now written, the purchaser under the superior lien acquires a complete tile unless the sale to him is redeemed before its maturity.

However, Section 9948, Code of 1942, provides that: "The owner * * * or any person interested in the land sold for taxes, may redeem the same, or any part of it, where it is separable by legal subdivisions of not less than forty acres * * * at any time within two years after the day of sale, by paying to the chancery clerk, regardless of the amount of the purchaser's bid at the tax sale, the amount of all taxes for which the land was sold, with all costs incident to the sale, and five percentum damages on the amount of taxes for which the land was sold, and interest on all such taxes and costs at the rate of one percentum per month, or any fractional part thereof, from the date of such sale, and all taxes and costs that have accrued on the land since the sale, with interest thereon from the date such taxes shall have accrued, at the rate of one percentum per month, or any fractional part thereof * * *". The purchaser at the municipal ad valorem tax sale failed to do this prior to the maturity of the sale under the assessment for the special improvements, and therefore the appellee's right to redeem had expired prior to the filing of this suit by the appellant for the confirmation of his title.

While there are some distinguishing features in the Seward cases, we think it clear that the Court expressly recognized the superior rights of the purchaser under an assessment for special improvements.

From the foregoing views, it necessarily follows that that the decree appealed from should be reversed and judgment rendered here for the appellant.

Reversed and judgment here for appellant.

*Kyle, Arrington, Ethridge* and *Gillespie,* JJ., concur.