BOWLING, Justice,
for the Court:
This is a suit for refund of taxes erroneously paid. On March 4,1976, DeSoto, Inc., d/b/a MPI Industries, petitioned the City of Jackson for a refund of personal property ad valorem taxes erroneously paid. City of Jackson denied the petition and MPI appealed to the Circuit Court of the First Judicial District of Hinds County. The circuit court reversed the decision of the City of Jackson. We affirm the decision of the circuit court.
This case presents two basic issues: (1) When the Mississippi Tax Commission issues a license qualifying a corporation as a free port warehouse under Mississippi Code Annotated sections 27-31-51 through 27-31-61 (1972), may a municipality revoke that license and assess an ad valorem tax when it finds the corporation did not comply with regulations of the Tax Commission; and (2) if the municipality may not void the license, does the warehouse waive its right to protest the assessment by failure to appeal the assessment pursuant to Mississippi Code Annotated section 11 — 51— 77 (1972)?
Appellee, DeSoto, Inc., d/b/a MPI Industries, constructed a large warehouse in 1972. In December, 1972, it leased the building to DeSoto Free Port Warehouse, Inc., a Mississippi corporation. Warehouse applied to and received from the Mississippi State Tax Commission a license to operate as a “free port warehouse” for 1973 under the provisions of Mississippi Code Annotated sections 27-31-51 through 27-31-61 (1972). This license was renewed by the Tax Commission for the year 1974.
The City of Jackson recognized this license and granted Warehouse the statutory exemption for 1973. In 1974, however, the City of Jackson determined that Warehouse had not complied with certain rules and regulations adopted by the State Tax Commission as authorized by statute. Because of this failure, City assessed MPI for ad valorem taxes in the sum of $144,695.36 on personal property of MPI consigned to Warehouse. By lease agreement, Warehouse, though an independent corporation, admittedly operated its facilities mainly to receive manufactured products of MPI for interstate shipment. MPI paid the assessment without protest, but in 1976 petitioned for refund of $140,354.53, alleging that amount was exempt under the free port warehouse exemption statute.
City of Jackson contends the license issued by the State Tax Commission to Warehouse was void because Warehouse did not timely file inventories and other documents as required by Tax Commission’s rules. Inherent in this contention is that City of Jackson has the power to void a license issued by the State Tax Commission if the City finds the Commission’s own rules were not followed.
Mississippi Code Annotated section 21-31-57 (1972) grants the State Tax Commission “full power and authority” to accomplish the purpose of the free port warehouse licensing and tax exemption. It further explicitly states that if a violation is found, then the license may be revoked “by the state tax commission." (Emphasis added.)
The only language in the statute that could imply a right in the City is that which allows the “taxing authorities in the jurisdiction” to inspect the records of the warehouse. In the face of the express language granting broad authority to the Tax Commission, the authority to inspect records granted the City must be limited to its clear meaning, i. e., the right to inspect and report to the Tax Commission any errors it might find, leaving to the Tax Commission the decision to revoke or not revoke a license once granted. It is a long established rule that cities have no powers except those granted by the Legislature, Seward v. City of Jackson, 165 Miss. 478, 144 So. 686 (1932), and Code section 27-31-57 expressly grants the power of revocation to the Tax Commission, not to municipalities.
City of Jackson further contends that even if it could not revoke the license, *688 MPI waived the right to a refund by failure to protest the assessment in 1974 and appeal the Board’s assessment to the circuit court pursuant to Code section 11-51-77 (1972). While that section does provide for appeal from assessments to the circuit court, and some cases have held failure to appeal waives the assessment [see Yazoo Delta Invest. Co. v. Suddoth, 70 Miss. 416, 12 So. 246 (1892)], the Mississippi Legislature in 1926 passed what is now Code section 21-33-79 (1972). That section authorizes a municipality to refund erroneously paid taxes upon petition of applicants, and Code section 21-33-83 (1972) provides for appeal of that decision to a circuit court.
Here, the exemption required by law would have been to DeSoto Free Port Warehouse, yet the assessment was to MPI Industries. MPI erroneously paid the assessment, then subsequently petitioned for refund and appealed that decision under Code section 21-33-83. That was the correct statutory procedure under the facts of the present case. Cf. Stegall v. City of Jackson, 191 So.2d 134 (Miss.1966).
Since under the facts the correct statutory method of appeal was followed, and since under Code section 27-31-57 (1972) the power to revoke a free port warehouse license is in the Tax Commission and not within the power of municipalities, the judgment of the lower court is therefore affirmed.
AFFIRMED.
PATTERSON, C. J., INZER and SMITH, P. JJ., and ROBERTSON, SUGG, WALKER, BROOM and LEE, JJ., concur.