JOHN B. PASS v. McREA, COFFMAN & Co. et al.

1. CHANCERY: PRESUMPTION IN FAVOR OF JUDGMENT.—An order of the Chancery Court, allowing new parties to be made to a suit therein pending, will be presumed correct, unless the record show affirmatively to the contrary.
2. SAME: AMENDMENT: WHEN ORDER ALLOWING AMENDMENT REVIEWED IN THIS COURT.—This court will not review the judgment of the Chancery Court allowing amendment to the pleadings, unless it appear by the record that objection was made thereto at the time.
3. HIGH COURT: OPINION TO BE CONSTRUED BY THE FACTS IN THE CASE.—The opinions of appellate courts are to be considered in connection with, and as explained by and limited to the state of facts appearing in the record.
4. ASSIGNMENT OF CHOSE IN ACTION MAY BE BY PAROL.—An open account may, whilst in suit, be assigned by an oral agreement, upon a sufficient consideration, so as to pass an equitable title to the assignee.
5. SAME: INTENTION OF PARTIES IS THE TEST AS TO WHETHER A TRANSACTION IS AN ASSIGNMENT OR NOT.—Whenever it appears that it was the intention and understanding of the parties to an agreement, in reference to choses in action, that the transaction shall be an assignment, it will have that effect, and the interest of the assignee will be protected. See *Lee* v. *Gardner*, 4 Cushm. 521; 2 S. & M. 250; 6 Ib. 440; 7 How. 216; 13 S. & M. 566; 28 Miss. R. 66; 2 Story Eq. 305; 1 Wheat. 233; 5 Ib. 277; 5 John. R. 193; 1 Wash. C. C. R. 434; 5 Stew. & Port. 60; 15 Mass. 484; 19 John. R. 344; 3 Stew. 247; Baily R. 15.
6. SAME: DEBTOR CANNOT DEFEAT RIGHTS OF ASSIGNEE AFTER NOTICE.—A judgment debtor cannot, after notice of the assignment of the judgment, defeat or impair the rights of the assignee, by purchasing claim against the assignor.
7. CASE REVIEWED.—The case of *Parker* v. *Bacon et al.* 26 Miss. R. 425, reviewed and explained, and declared not to decide that an assignment of a judgment cannot be made, except in writing.

APPEAL from the Chancery Court of Yallabusha county. Hon. William Cothran, chancellor.

The pleadings and proceedings in the court below are fully set out in the opinion of the court. It is only necessary to state, in addition, the evidence to support the alleged assignment of the judgment to the Planters' Bank, and of the notice thereof to Pass.

R. Coffman, for the bank, testified, that he was a member of the firm of McRea, Coffman & Co., which firm was insolvent; that said firm of McR., C. & Co. were indebted to the Planters' Bank, and

the claims were in the hands of Aldridge & Gallady for collection; that Pass was indebted to McR., C. & Co. by open account, which was then in suit, and litigated; that at the November term, 1855, of the Circuit Court of Yallabusha county, he and Pass agreed that judgment should be rendered on said claim in favor of McR., C. & Co. for $2000, which was accordingly done; and he then informed Pass that the same had been transferred to the Planters' Bank; that previous to this, and whilst the claim of McR., C. & Co. against Pass was in suit, and before judgment, he made a verbal transfer of it, by agreement with Aldridge & Gallady, to the Planters' Bank, to secure the debts due by McR., C. & Co. to said bank.

F. M. Aldridge, for the bank, testified, that he is a member of the firm of Aldridge & Gallady, and that he had directed Coffman to notify Pass of the transfer of the debt against him to the Planters' Bank; that at the November term, 1855, after Coffman and Pass had agreed on the amount for which judgment was to be rendered, Coffman, in the presence of Pass (who was standing near enough to hear), informed witness that he had notified Pass of the transfer. This witness, and also Mr. Elder, the president of the bank, proved that Aldridge & Gallady had authority to take the assignment.

*J. V. George*, for appellant.

1. The amended answer was improperly filed; it is inconsistent with the first answer, and there is no explanation, or attempt at explanation, of this inconsistency.   1 Smith Ch. Pr. 271; 2 Daniel Ch. Pr. 912–918, and note; and authorities there cited.

2. The alleged assignment of the judgment is void, being done without writing.   See *Bacon* v. *Parker*, 4 Cushm. 425.

3. If an assignment of the account in suit is relied on, there is no valid proof of it.   Coffman says he made a verbal transfer; but he gives us only his judgment as to the effect of what passed between him and Aldridge & Gallady; he does not state what was said by him, or by them, which constituted the transfer; it is not shown whether the agreement was merely that the bank should have the proceeds of the debt, when collected, or whether he actually parted with all dominion and control over the debt.   This witness leaves us in the dark on this subject; and neither Mr. Al-

Pass *v.* McRae, Coffman & Co. et al.

dridge nor Mr. Gallady, who made the agreement, on this subject, are examined. If the agreement was a mere pledge of the account, to secure the debt to the bank, it is void without delivery. *Whittle* v. *Skinner*, 23 Verm. R. 534. An agreement that the proceeds of a suit shall be applied to the payment of a debt due by plaintiff to another, is not an assignment of the claim. 6 Greenl. R. 60; 1 Barbour S. C. R. 454; 3 Ib. 262; 18 Wend. 319; 2 Leigh, 19.

4. The notice to Pass was not given by the proper person; Coffman was the insolvent creditor, and directly interested in deceiving Pass on this subject; Pass was not bound to notice what Coffman said; the bank or its agent should have given the notice.

*Aldridge* and *Gallady*, for appellee.

1. Amendments are a matter of discretion with the chancellor, and cannot be made the subject of an assignment of error, except where the discretion is manifestly absurd. Story Eq. Pl. 896; 7 S. & M. 332; 2 George, 50; 5 Munf. 308; Litt. Sel. Cas. 201. The amendment was necessary to justice in this case, and ought to have been allowed. 1 Barb. Ch. Pr. 165.

2. The assignment proved, is good in equity. Such assignments are good, whether by deed or parol. Story Eq. § 1039 to 1057; 11 Paige, 516; 13 Ill. R. 486; 9 John. R. 342; 15 Mass. R. 481; 6 Eng. R. 736; *Lee* v. *Gardner*, 4 Cushm. 542.

HARRIS, J., delivered the opinion of the court.

Appellant filed his bill in the court below, to enjoin the enforcement of a judgment against him in favor of McRae, Coffman & Co., upon the ground that he was the owner of various claims against the plaintiffs in execution; that the same were obtained since the date of the judgment against him, that McRae, Coffman & Co., and each of the members of said firm, are insolvent, and refuse to pay said claims; and that unless the said judgment and execution are restrained, and an allowance and credit given him for his said claims in this court, that he will be compelled to lose them. The bill prays for an injunction, an allowance of the bills, notes, &c., as a set-off, and decree over. The bill was filed the 15th Oct. 1856, and on the 4th day of November, 1856, the Planters' Bank of Tennessee filed a petition claiming to be the transferree of said judgment, with

VOL. VII.—10

notice thereof to the said complainant, before he had acquired the evidences of indebtedness set forth in his bill, and praying to be made a party defendant thereto, and permitted to maintain its right against the said complainant, as such defendant.

To this petition a general demurrer was filed in short by consent, on the 4th November, 1856, which was overruled, the petition allowed, and the petitioner ordered to be made a defendant to complainant's bill.

On the same day the said McRae & Coffman filed their joint and several answer, in which they admit the recovery of the judgment, and the proceedings in relation thereto as stated in complainant's bill, but deny that complainant is *bona fide* the owner of the drafts and note made exhibits to his bill, or that he has paid any consideration therefor, or agreed to pay, except in the event of success in this litigation. They further state and answer, that said judgment had been transferred and assigned to the Planter's Bank of Tennessee, before the complainant acquired the drafts and note mentioned in his bill, for the purpose of paying certain bills held by the said bank against McRae, Coffman & Co., and which were, at the time of said transfer, in the hands of Messrs. Aldridge & Galladay, attorneys, for collection ; that the attempt of said complainant to procure an allowance of said claims, is in fraud and bad faith. The answer admits the insolvency of the firm of McRae, Coffman & Co. The answer of the Planters' Bank of Tennessee is substantially the same.

On the 7th November, 1856, a motion was made to dissolve the injunction which had been previously granted. The motion was overruled, and leave given to defendants to amend their answers, and on the same day leave given to take the deposition of Coffman.

The amended answers next appear on the record adopting the previous answers, except so far as to state that the transfer spoken of in the first answer, occurred anterior to judgment, and was a transfer of the claims then in the hands of Aldridge & Galladay, upon which suits were pending at the time, and that judgment was subsequently rendered against complainant by agreement, and with full knowledge of such transfer to the bank.

On the 14th November, 1857, the cause was submitted on bills, answers, exhibits, and proofs ; and a decree entered, dissolving the injunction, and dismissing complainants' bill.

From this decree, this appeal was taken, and is now prosecuted here.

The proof on the part of complainant, shows that he purchased the claims sought to be enforced in this proceeding, at fifty cents on the dollar, after the rendition of the judgment against him, and with full knowledge of the transfer to the bank.

Upon this state of the case, several assignments of error are filed, and relied on in this court.

1st. It is urged that the court erred in allowing the Planters' Bank of Tennessee to be made a party.

This was done on petition, to which a general demurrer was filed, which was overruled. What ground was assumed on the demurrer; what showing in support of the petition may have been made to guide the discretion of the court, as to the intent of the bank in the litigation then pending, we are not informed; and if error existed in the action of the court, on a subject over which it has not only ample jurisdiction, but full discretion, it was the business of complainant to see that the proceedings should have been sufficiently full and formal to exhibit with certainty the grounds of his complaint. Looking to the whole case, we see no error in allowing the Planters' Bank of Tennessee to be made a party defendant. It certainly was the real party in interest, and as such, no decree could have been properly rendered in the cause, without making it a party.

2d. The next ground of error assigned is, that the court allowed the defendants to amend their answers. This ground seems to be urged here for the first time. No objection or exception appears to have been taken, or filed, either to the original or amended answers, or to the allowance of the amendments. And it is the settled practice of this court that it will notice with great reluctance, if at all, points not presented in the court below; and besides, such amendments are peculiarly in the discretion of the court below.

3. The remaining assignments of error all have relation to the main point in controversy, to wit, the validity of the transfer to the Planters' Bank of Tennessee, set up in its answer. We will, therefore, discuss these assignments all under one head.

On this assignment of error, we are referred to the case of *Parker et al.* v. *Bacon et al.*, decided by this court, in 26 Miss. R. 425, as conclusive of the point now under consideration.

Such is the flexibility of language, and even of sentences, disconnected from their context, as well as the special state of facts to which they have been applied, that, in courts, it has become a settled rule that all adjudications are to be considered only in connection with, and as explained by, and limited to, the state of circumstances appearing in the record.

The case of *Parker* v. *Bacon*, was a case where the Planters' Bank, before its dissolution, had transferred by delivery, a judgment against Parker et al., to Bacon, for value received. The bank was afterwards deprived of its corporate existence. The judgment remaining still unsatisfied, Bacon filed his bill, praying for a decree for the amount due on said judgment against the defendants, and for general relief. An amended bill was afterwards filed, stating that before the 2d July, 1840, an execution had issued on said judgment; was levied on five negroes; forthcoming bond executed and forfeited; and that the execution and bond were lost, and cannot be found; that several executions issued on said judgment; one the 28th February, 1842, another the 6th May, 1842; which last was levied on a tract of land; and appraised under valuations; sale postponed, but afterwards, on 17th September, 1844, said land was sold for $50.

In this case the court was called on, after the legal death of the plaintiff in execution, after the Statute of Limitations had barred all remedy, to enforce a pretended equity, obtained by a violation of the Act of 1840, prohibiting the transfer by the bank, under which complainant set up his equity.

The court held that "when a party, in asserting his right as assignee of an instrument, shows that he is not, from the nature of the matter, such assignee, he cannot claim that character; that a judgment cannot be transferred to a party by delivery, so as to authorize him to enforce its payment." Complainant claimed title to the judgment "by delivery." The bill was filed by the "assignees by delivery" to enforce the judgment. The court says, "The only title of the complainants to the judgment, alleged in the bill, was by delivery. No legal title could pass by that means, nor can we perceive how an equitable title to a judgment can pass by delivery."

The opinion proceeds upon the ground, that the bill does not show

either a legal or equitable title to the judgment it seeks to enforce. It does not show an agreement, or any state of facts, by which the complainant was entitled originally to use the name of the plaintiff in execution, and so to control the judgment by the aid of the plaintiff, as to enforce its payment. It relies solely upon a "transfer by delivery," without showing that by such transfer, they obtained either the legal or equitable title thereto, or even the purpose for which such transfer by delivery was made. The court holds that no title, either legal or equitable, passed to complainants by the fiction of delivery of a judgment; that, in its very nature, a judgment is incapable of delivery.

But the court does not hold, nor is it the doctrine of courts of law or equity at this day, that they will not take notice of and protect, the equitable assignment of a chose in action.

Indeed, in the same volume, at the same term, in the case of *Lee* v. *Gardner*, 26 Miss. 542, the same judge, in delivering the opinion of the court, says: "It was competent for Dart, in his lifetime, to assign to him the beneficial interest in the suit; not to make him a party to the suit, but to entitle him to the proceeds of it. This would entitle him to the benefit of the judgment as an equitable assignee, and as such, would justify the institution of the suit in the name of the legal plaintiff, for his use;" citing for this opinion, *McElroy* v. *Wilson*, 2 S. & M. 250; *Vanhouten* v. *Reily et al.* 6 Ib. 440; where the court, speaking of the assignment of a judgment, says: "If it is the intention and understanding of the parties that the transaction shall be an assignment, there is nothing in the law to prevent its having that effect; it will pass the beneficial interest, and give to the party the right to use the name of the judgment creditor to enforce the execution." And citing 7 How. Miss. R. 216. See also to the same point, *Scott et al.* v. *Metcalf*, 13 S. & M. 566–7; *Field* v. *Weir et al.* 28 Miss. R. 66, 69. See also 2 Story Eq. 305; *Welch* v. *Mandeville*, 1 Wheat. 233; *Same parties*, 5 Wheat. 277; *Eels* v. *Finch*, 5 Johns. 193; *Corser* v. *Craig*, 1 Washington C. C. R. 424; *Black* v. *Everett*, 5 Stewart & Porter, 60; *Dunn* v. *Snell*, 15 Mass. 484, 485; *Hartwell* v. *Root*, 19 John. R. 344; *Brabant* v. *Ragland*, 3 Stewart R. 247; *Potts* v. *Richardson*, Bailey's S. Carolina R. 15; and other authorities cited by counsel.

We think it well settled, both upon principle and authority, that

"the rights of equitable assignees will be protected by courts of law as well as by courts of equity," and that whenever it sufficiently appears that "it is the intention and understanding of the parties that the transaction shall be an assignment, there is nothing in the law to prevent its having that effect."

It is manifest from the proof in this case, that the Planters' Bank of Tennessee was intended and understood to be the beneficial owner of the account on which the judgment in this case was rendered, before its rendition, and of the judgment after it was rendered. It is further manifest that the plaintiff in error, with a full knowledge of this equity, attempted to deprive the bank of the benefits thus acquired, by purchasing at depreciated rates, the notes, &c., of their debtors, who were insolvent, with a view to render the court subservient to his fraudulent designs. If he suffer in the transaction, it will serve to illustrate, by the folly of his example, both the policy of integrity and the justice of the law.

Let the judgment below be affirmed.