## COMMERCIAL PACIFIC CABLE COMPANY *vs.* THE STEAMSHIP MANCHURIA.

### January 5, 1907.

*Amendment of answer*: Respondent in its answer, set up certain alleged facts in mitigation of damages, to which the libelant excepted and the court allowed the exception, intimating that such facts might have been pleaded in bar of the claim to salvage. Respondent thereupon moved to amend by setting up the same facts in bar of the suit for salvage. *Held*, that such motion be allowed, there being no question of gross and inexcusable negligence, and the allowance thereof tending to a just disposition of the case and involving no hardship or injustice to the libelant.

*In Admiralty*: Motion to amend answer.

*Ballou & Marx,* for Libelant.
*Kinney, McClanahan & Derby,* for Libellee.

DOLE, J. This is a libel for salvage services. The claimant filed an answer to the amended libel on the general merits and united therewith allegations to the effect that the libelant was under certain obligations to the claimant and a certain representative of the claimant in New York, who felt that the libelant would be anxious to oblige him and the claimant, and informed libelant that he would appreciate assistance to the Manchuria by the Restorer,—the alleged salving vessel, and. that libelant replied that it had cabled to its agents in Honolulu to do so; that the use of the Restorer was considered by the libelant, the claimant and its said representative, as in the nature of a special and personal favor to the claimant and its said representative and not as an agreement or contract for

the performance of salvage services and was so understood by libelant; and that had the claimant or its said representative believed that the Restorer would make any claim for salvage she would not have been used by the claimant since her use could have been dispensed with; "all of which matters the claimant sets up in mitigation of damages."

The libelant excepted to this part of the answer and the exception was allowed. The claimant thereupon moved to amend its answer by striking out the said words "in mitigation of damages" and inserting in their place the words "as a bar to the maintenance of a suit for salvage by the libelant herein." This motion was opposed by counsel for libelant on the ground that "after a decision has been rendered by the court, the respondent cannot be allowed an amendment; that the respondent is not allowed to mould his answer in conformity with the decision of the court," and citing authorities in support of his contention.

After the argument in the present case, counsel for the libelant informed the court that he withdrew his opposition to claimant's motion to amend his answer, which fact does not affect the question before the court, except that perhaps on appeal the allowance of the amendment at this time would not be deemed error. 1 Ency. Pl. & Pr., 466, 467; *Pass v. McRea,* 36 Miss. 143.

In the argument on the motion the question argued was whether the amendment should be allowed at this stage of the proceeding, leaving the question as to its effect as a bar, in case the court should allow the same, to another time.

In its decision allowing the exception to the answer, the court intimated that if the employment of the Restorer was as alleged:—an agreement or understanding for the gratuitous services of the Restorer, the libellee should have the right to allege and prove it as a defense in bar of the suit.

The principle of law applicable in the issue before the court is well stated in the case of *Galloway v. Dobson,* 4 Fed. Cas. (No. 2325) 1082, 1083, as follows: "Perhaps the legal dis-

cretion which exists in the case, (motion to amend answer) acknowledges no other limit than is necessary for its purposes of justice and for the restraint of gross and inexcusable negligence."

The case of *Lamb v. Parkman,* 14 Fed. Cas. (No. 8019) 1018, cited by counsel for libelant, was an appeal from a decree in admiralty of a district court where an application was made in the appellate court to file an amended answer. The court said: " The court will not allow a defendant to recast his entire answer, after he has discovered from the opinion of the district court, how it may successfully be done, so as to shift the burthen of proof, or obtain by skilful pleading other legal advantages. Amendments in sworn answers in the appellate court should introduce new substantive facts, previously unknown, or correct substantial mistakes in matters of fact, and cannot be allowed on account of any mere defect of skill in drafting the original answer, in consequence of which the respondent's case was not presented on the record in the best possible manner, or so as to secure to him all possible legal advantages."

Does this rule apply to the circumstances of the present case? Although the respondent has discovered from the opinion of the court how he may advantageously modify his answer in relation to the point under discussion, the change proposed is not based upon defective pleading, in the ordinary sense, in the first instance. The amendment offered makes no new allegation of facts but sets up the same facts in bar to the claim for salvage instead of as a mitigation of damages. Here is a difference of opinion in regard to the law between counsel and the court, as to the effect of such facts set up as mitigation. The court having ruled that they cannot be used in mitigation of damages, may they not be used as a bar to the claim for salvage? The above rule quoted from *Calloway v. Dobson* may be referred to in answering this question. There is no element of gross and inexcusable negligence in the issue before the court. Would the libelant suffer injustice or hard-

ship by the allowance of this amendment? I do not see that it would. It is, on the other hand, consistent with justice that the claimant should have the benefit of the facts already pleaded, for a bar to the libelant's claim for salvage, and the opportunity of proving the same for that purpose. The claimant will thus be permitted to defend on all the relevant facts of the case,—facts which it has already pleaded. The mere circumstance that the court has intimated what it considers the legal effect of such facts does not, in my mind, preclude their use accordingly through an amendment if the other recognized objections to such use do not exist.

The motion is granted.