THORNE *v.* TRUE-HIXON LUMBER Co.

(Division A. May 29, 1933. Suggestion of Error Overruled Sept. 25, 1933.)

[148 So. 388. No. 30664.]

J. W. T. Falkner and Jas. Stone & Sons, all of Oxford, for appellant.

L. C. Andrews, of Oxford, for appellant.

Lester G. Fant, Sr. & Jr., of Holly Springs, for appellee.

**Cook, J.,** delivered the opinion of the court.

The appellant, H. W. Thorne, sued the appellee, True-Hixon Lumber Company, in the circuit court of Lafayette county, alleging in his declaration that on May 4, 1929, appellee entered into a contract of employment with him to operate its planing mill at College Hill Switch, in Lafayette county, and agreed to pay him the sum of four dollars and fifty cents per day, straight time, for every day except Sunday, payable weekly, and to furnish a residence for himself and family of the rental value of twenty dollars per month, such employment to continue during the period of operation of said planing mill by the appellee at the said location, and that the said period of operation was dependent upon the happening of several contingencies and was, therefore, then unknown and impossible of definite determination by the parties to the said agreement.

It was further alleged that after the consummation of said agreement, which was accepted and thoroughly understood by both the appellant and appellee, the appellant entered upon the discharge of his duties under the terms of the contract and continued in the service until January 15, 1931, at which time appellee, without any cause or reason whatsoever, discharged him and refused thereafter to permit him to perform the work and labor contracted for or to carry out his part of the contract, and required him to vacate the residence theretofore oc-

cupied by him under the terms of the contract. The declaration further alleged that the appellant had, at all times, been ready, willing, and able to carry out the contract, and asked for a judgment for all wages then past due, and also the rental value of the residence from the time he was required to vacate it.

On the hearing of the merits of the cause, a verdict was returned in favor of the appellant for one hundred seventeen dollars, being one month's salary or wages, which verdict contained other matter and conditional findings; and thereupon appellee moved for a judgment non obstante veredicto. This motion was overruled, and the following judgment was entered on the verdict:

"This cause is this day heard by the court and the jury of the regular panel, all parties being in court and represented by counsel and after hearing the evidence and receiving the instructions of the court and hearing the arguments of counsel, the jurors retired and returned into court this verdict, 'We the jurors find for the plaintiff and fix the amount at one hundred seventeen dollars. It is therefore the judgment of the court that the plaintiff, H. W. Thorne do have and recover of the defendant, the True-Hixon Lumber Company, a corporation, the sum of one hundred seventeen dollars and all cost in this behalf expended for which let execution issue.'"

The above-mentioned judgment was fully paid and satisfied, and, thereafter, on February 13, 1932, the appellant filed a declaration against the appellee, the averments of which were in all respects the same as in that outlined above, except it was sought thereby to recover wages and the rental value of the residence for the period intervening between the filing of the first suit and the filing of the second. To this declaration the appellee pleaded the judgment in the first suit as being res adjudicata of all issues involved in the second, and in support of this plea offered the entire record of the first suit, including a verdict alleged to have been rendered therein which differed from the verdict recited on the face of the

judgment of the court. The court excluded this alleged verdict but sustained the plea of res adjudicata and dismissed the suit, and from the judgment entered, this appeal was prosecuted.

The alleged verdict of the jury in the first cause which, in some respects differs from the verdict which appears on the face, of, and was made the basis of, the judgment of the court in that cause was properly excluded. Furthermore there was no appeal from the action of the court in excluding it, and consequently it could not be considered here as having any bearing upon the determination of the questions involved.

A contract is generally single, and a breach of it affords but one cause of action, but this court is aligned with those jurisdictions which hold that where wages are to be paid in installments during the execution of the contract, several suits may be maintained for accrued wages. Armfield v. Nash, 31 Miss. 361; Williams v. Luckett, 77 Miss. 394, 26 So. 967, 968. In the latter case, Williams had discharged Luckett, allegedly without cause, and Luckett sued for and recovered the wages for January, 1899. Thereafter he sued for wages accruing from February 1 to August 1, 1899, and in passing upon his right to recover in the second suit, the court said: "If Williams had not discharged Luckett, but had failed to pay him as the monthly wages became due, it is clear that Luckett would have had a right of action accruing to him at the expiration of each month of service, and might have sustained as many suits as there were defaults of payment. The bringing of the first suit for the January wages did not end the contract, nor amount to a rescission of it on the part of Luckett. The contract, notwithstanding the suit for damages for the nonpayment for the monthly sum of wages, remained in full force; and Williams might thereafter have received him back into his employ, or continued to subject himself to other suits for the continued breach of it. The contract, by its terms, is equivalent to the making of as many contracts

as there are periods of payment, or at least the sums to be paid are divisible by its express terms; and the terms of the contract are the law of the contract."

This doctrine is applicable with particular force where, as here, the contract is not for a definite or fixed term, but the termination thereof is dependent upon contingencies which render it impossible to, at the time, definitely determine when it will expire. The fact, however, that the contract, as set forth in the declaration, was to continue so long as the business was operated at the named place does not make it so indefinite in its terms as to render it invalid, as a method is provided therein for determining the length of the engagement. American Law Institute Restatement, Contracts, section·32, Illustration No. 3. The judgment of the court below sustaining the plea of res adjudicata and dismissing the suit will, therefore, be reversed and the cause remanded.

Reversed and remanded.