SOUTH MISSISSIPPI LAND CO. *v.* ALLEN, SHERIFF AND TAX COLLECTOR.

(Division B. April 10, 1939. Suggestion of Error Overruled May 22, 1939.)

[187 So. 758. No. 33651.]

T. J. Wills, of Hattiesburg, for appellant.

W. M. Lofton, of Mendenhall, for appellee.

Argued orally by **W. M. Lofton**, for appellee.

**McGehee, J.**, delivered the opinion of the court.

From a final decree dissolving an injunction against the sale of land for taxes, and which assessed the statutory damages and costs against the appellant, and dismissed its bill of complaint, this appeal is taken.

During the year 1934, the appellant owned certain lands situated in Smith and Simpson counties, known as "cut-over" lands, assessed at $3.50 per acre for the biennium of 1934-1935, and which were sold to the state in September, 1935, for the delinquent taxes thereon for the year 1934. The regularity and legality of the assessment rolls for that period are not questioned, except that it is claimed that there was an over-valuation of the lands on the assessment rolls; although no objections were filed by the owner before the boards of supervisors of the respective counties, as provided for by section 3166 of the Code of 1930; nor was there an appeal taken from the order of final approval of the assessment rolls.

During the period allowed for redemption, the lands were again assessed to the appellant for the biennium of 1936-1937, at the same value per acre, and under the same circumstances above stated.

The bill of complaint alleges that the sale of the lands to the state for the taxes of 1934 was void because of a failure of the sheriff and tax collector to make the sale in the manner required by law; that thereafter the State of Mississippi, through its state tax collector, filed suit in the Chancery Court of Smith County to collect the taxes for the years 1934, 1935 and 1936 as a debt owing by the

appellant to the state, and to the two counties and the taxing districts thereof; that it was alleged in such suit and admitted in the answer of the appellant as defendant therein that the tax sale hereinbefore mentioned was null and void; that the said suit was compromised and settled by a consent decree wherein it was agreed that the valuation of the lands in both of said counties for the biennium of 1934-1935 and for the biennium of 1936-1937, in order to equalize the same with the valuation placed upon other lands on said rolls, should be $2.25 per acre, as a just, reasonable and comparative equalization in value to be placed upon said lands in each of the counties for the years 1934, 1935 and 1936; that such consent decree recited that the defendant in said suit, South Mississippi Land Company, was indebted to the state, the counties and the various taxing districts thereof, for the taxes for each of said years, computed on that valuation, and which taxes amounted to the sum of $10,616.94 due on the lands located in Simpson county, and the sum of $27,714.90 due on the lands located in Smith county; and that said sums were to be paid to J. B. Gully, State Tax Collector, as complainant in such suit, who was authorized, after deducting his lawful commissions of 20%, to allocate said sums accordingly.

The said consent decree is filed as an exhibit to the bill of complaint in the present suit against the appellee to enjoin a sale of the lands located in Simpson county, which were advertised to be made in 1938 for the delinquent taxes due thereon for the year 1937 on the basis of the assessment of $3.50 per acre for the biennium of 1936-1937; and in addition thereto the bill alleges an overvaluation of said lands under such assessment and a discrimination against the appellant in the valuation thereof for said period as compared with other such lands in that county.

Upon the trial of the case at bar, the appellant offered in evidence the former decree and the testimony of one witness, who stated that the lands had been overvalued

in the assessment, covering the year 1937, for the reason that the lands were worth only $1.50 an acre and had been appraised by the United States Government, as a prospective purchaser, at that amount. It appears that all of the cut-over lands in that county were assessed at $3.50 per acre for the period in question, and it was therefore not shown that there had been any discrimination against the appellant in the making of such assessment, unless such discrimination was shown by the testimony of said witness to the effect that the remaining cut-over lands in the county were attached to small farms and could be adapted to a profitable use by the owners for pasturage and other purposes while the lands in question were producing no revenue and were not capable of being devoted to a profitable use. We do not think that such fact was sufficient to show a discrimination.

The appellant further contends that the former decree was conclusive as to the valuation to be placed upon said lands for the year 1937, for the reason that the state tax collector, as complainant in the former suit, was authorized to represent the State of Missouri, Simpson County, and the taxing districts in said county, in such suit, and to make the compromise settlement represented by such consent decree. However, we are of the opinion that, without regard to what force should be given to such former decree on the issue here involved, the suit did not involve the collection of the taxes for the year 1937, and the decree therein recited that: "when the aforesaid payments shall have been made, all liens for taxes against the lands for the years 1934, 1935 and 1936 shall be and the same are hereby cancelled, annulled and held for naught, and the title to all said lands declared to be free from tax liens for the said years of 1934, 1935, and 1936." In other words, the state tax collector did not undertake to waive any lien for the taxes on the lands for the year 1937, nor did he have authority so

to do. No claim therefor against the appellant was involved in that suit.

It is also contended that before the former decree was entered, the chancellor caused the members of the board of supervisors of Simpson County to be summoned and to appear in open court, and that they then consented to and approved the proposed compromise and settlement. Whatever their appearance in court as individual members of the board of supervisors and their approval of the proposed settlement may have had, if any, on the authority of the state tax collector to make such settlement with the appellant, there was not submitted to them for approval any amount of taxes to be paid in the compromise except for the years 1934, 1935 and 1936. No reduction having been made in the valuation of the land on the assessment rolls in Simpson County for the year 1937, by some affirmative action on the part of the board of supervisors, the roll as it stood when the taxes became due for that year constituted the warrant for the appellee, sheriff and tax collector of the county, to enforce the collection of the taxes levied and assessed thereon by a sale of the lands as advertised to be made. The injunction herein could not be sustained to prevent the sale, and the action of the court below in dissolving the injunction was proper.

Neither does section 3122 of the Code of 1930, providing that: "in all actions for the recovery of ad valorem taxes the assessment roll shall only be prima facie correct," aid the appellant's position in this case, for the reason that the present suit is not one for the recovery of the taxes for the year 1937 in an action of debt brought against the owner under said statute.

Affirmed.