## MOORE v. ILLINOIS CENT. R. CO.
### No. 10630.

Circuit Court of Appeals, Fifth Circuit.
June 17, 1943.

Harold Cox, of Jackson, Miss., for appellant.

James L. Byrd, of Jackson, Miss., for appellee.

Before HUTCHESON, HOLMES, and WALLER, Circuit Judges.

HOLMES, Circuit Judge.

The appellant instituted this action to recover damages alleged to be due him under a written contract of employment made by the appellee with a labor union of which appellant was a member. The trial court granted the defendant's motion for a summary judgment on the ground that the judgment entered in Moore v. Illinois Central Railroad Co., 312 U.S. 630, 61 S.Ct. 754, 85 L.Ed. 1089, was res judicata as to the issues here presented.

Appellant was an employee of the appellee under a valid contract of employment entered into between the railroad company and a labor union. On February 15, 1933, the railroad company attempted to discharge appellant for reasons not recognized by the contract as valid grounds of discharge. Since then appellant has at all times held himself in readiness to work for the railroad company, and the employment contract has continued in force, except as hereinafter stated; but appellee has never availed itself of appellant's services. On September 16, 1936, appellant brought suit against the railroad company for damages sustained by reason of the breach of contract, and that action ultimately resulted in a judgment in his favor for $4,183.20 plus interest.[1]

The contract of employment was executed in and is controlled by the law of Mississippi. In that state an employee who is discharged without just cause prior to the expiration of the term of employment fixed by the contract has at least two alternative remedies: (1) He may bring separate, successive suits after the due date of each salary payment for damages due

---

[1] Illinois Central R. Co. v. Moore, 5 Cir., 112 F.2d 959; Moore v. Illinois Central R. Co., 312 U.S. 630, 61 S.Ct. 754, 85 L.Ed. 1089.

413

and unpaid on the date the suit is filed, in which event recovery under the first suit does not prevent actions for damages subsequently accruing; or (2) he may bring one suit for all damages, accrued and to accrue in the future, growing out of the breach.[2] The entry of a final judgment in an action under the latter option necessarily prevents recovery in another action for breach of the same contract.[3]

If, as appellant contends, his first action was under the first option, the present suit for damages accruing from September 16, 1936, to June 1, 1942, is a distinct and separate cause of action, and the plea of res judicata is not good. If, as appellee contends, the former suit was under the second option for all damages sustained by reason of the breach, the plea of res judicata was properly sustained.

█ The declaration filed by appellant in 1936 alleged that his minimum pay per day under the contract was $6.64; that but for his wrongful discharge he would have worked a sufficient number of days to earn the sum of $12,000; and because of appellee's breach of the contract he had earned nothing. The demand was for a judgment in the sum of $12,000. The declaration did not allege that Moore would have earned $12,000 within the period from February 15, 1933, to September 16, 1936; indeed, if he had worked every day during that period at the rate of pay alleged, he would have earned less than $9,000. The trial court treated the suit as one to recover all damages sustained by reason of the breach, and stated: "The rule of damages is that the plaintiff is entitled to recover all damages that he suffered as a proximate result of the breach of the contract, less any amount that he may have earned for himself." After the entry of judgment in his favor, Moore moved that his damages be reassessed, and alleged as one of the grounds of his motion that no future damages were awarded. In appellate proceedings both here and in the Supreme Court the litigants and the courts uniformly treated the suit as one for all damages growing out of the breach of contract.

The force of these facts compels the conclusion that the plea of res judicata was properly sustained.

Affirmed.

---

[2] Prichard v. Martin, 27 Miss. 305; Armfield v. Nash, 31 Miss. 361; Williams v. Luckett, 77 Miss. 394, 26 So. 967; Thorne v. True-Hixon Lumber Co., 167 Miss. 266, 148 So. 388.

[3] Pierce v. Tennessee C. I. & R. Co., 173 U.S. 1, 19 S.Ct. 335, 43 L.Ed. 591; McCargo v. Jergens, 206 N.Y. 363, 99 N.E. 838; Cutter v. Gillette, 163 Mass. 95, 39 N.E. 1010; Sutherland on Damages, 4th Ed., Vol. III, Sec. 692; McCormick on Damages, Sec. 158.