RODGERS, Justice.
This case came to this Court from the Circuit Court, First Judicial District, Hinds County, Mississippi. It is an appeal from a final judgment denying a claim for the repayment of school taxes alleged to have been erroneously paid to the City of Jackson, Mississippi, on a certain sewer system constructed by appellants in the public streets and county roads and across property of appellants. The City and appellants consider the sewer system to be the property of appellants. The ownership of the sewer system here involved was determined by this Court in the case of Stegall, d. b. a. Woodbine Water Co. v. City of Jackson, Mississippi, 244 Miss. 169, 141 So.2d 236, 143 So.2d 298 (1962). In that case, this Court decided that the sewer system had been constructed in the streets and county roads, without recorded reservation. It became public property because of an agreement with the purchasers of the subdivision, and an agreement with the Deposit Guaranty Bank & Trust Company, as trustee “for the benefit of the present and future owners of the properties.” Moreover, this Court said “they cannot now collect from the City of Jackson the value thereof and especially in view of the fact that the lot owners by the payments of tap-on and maintenance fees have reimbursed the Stegalls far in excess of what the sewer system cost them.” 244 Miss. at 180, 141 So.2d at 240. This Court entered a judgment in favor of the Stegalls for that part of the sewer system which was not dedicated to public use.
In the instant case, the Stegalls seek to recover taxes paid to the City of Jackson for Jackson Municipal Separate School District for the years 1957, 1958, 1959, 1960, upon the theory that since this Court held in the previous Stegall case that the Woodbine Water Company Sewer System was not the property of the Stegalls, they should be refunded the taxes paid into the Jackson Municipal School District.
The appellee, City of Jackson, denies that it should be required to repay taxes paid to it by the Stegalls for the following reasons: (1) the present action was properly a part of the original suit, and to permit a recovery on the instant case would be in effect to permit appellants to split their cause of action; (2) the taxes were paid to the City without protest; (3) the City has no authority to pay a tax refund out of the funds of a separate school district; and (4) the taxpayers are estopped to recover taxes paid on public property for which they received payments from the public over and above the cost of construction.
In the outset, it should be pointed out that in the original Stegall case, we said: “In the instant case, plats of all of the areas involved in the Stegall system were duly approved, filed and recorded. None of such plats contained any reservation of any kind.” 244 Miss. 169, 180, 141 So.2d 236, 240-241 (1962). Again, in that case, we said: “In short, we hold that the overwhelming weight of the evidence reflects that the appellants dedicated to public use, without any reservations, that part of the sewer system laid in roads and streets; that therefore this part of the system was not private property protected by Miss. Constitution Sec. 17.” 244 Miss, at 181, 141 So.2d at 241. Thus, it is apparent that the Stegalls paid taxes upon property constructed by them and assessed by the City of Jackson upon the mistaken belief that the *136 property was the property of the taxpayers, when in fact the taxpayers only owned an undivided ten per cent interest in the property. This was a mistake of fact.
The first and second issues presented for our determination are brought into sharp focus by the light of the holding of this Court in the first case. In that case the Stegalls claimed the property throughout the entire procedure in the trial court, and in their brief in the Supreme Court. To claim that the City of Jackson owed them a refund for taxes in that case would have been an admission that they did not own the property, and such a claim would have been adverse to the ownership of the property. It was only after this Court had held that the Stegalls had dedicated a portion of the sewer system to the public by constructing it in the public streets and roads, that they were aware that they had paid taxes upon property, a part of which, belonged to the public.
The rule that a judgment rendered in a former suit between the same parties, by a court of competent jurisdiction is conclusive, not only as to the matters determined but also is conclusive as to matters which might or should have been litigated, is not applicable in the instant Stegall case. .This is true because, in order for a judgment to bar a subsequent suit, it is necessary that the issues in both suits are the same. Etheridge v. Webb, 210 Miss. 729, 50 So.2d 603 (1951); Pace v. State, 191 Miss. 780, 4 So.2d 270 (1941) ; South Miss. Land Co. v. Allen, 185 Miss. 555, 187 So. 758 (1939) ; True-Hixon Lbr. Co. v. Thorn, 171 Miss. 783, 158 So. 909 (1935); Hardy v. O’Pry, 102 Miss. 197, 59 So. 73 (1912).
A judgment in a former suit is not conclusive on an issue, which, from the nature of the case, could not have been adjudicated upon the trial in the former case. Sperry’s Estate v. Sperry, 189 Miss. 321, 196 So. 653 (1940).
In the case of Brownstin v. Brelle, 3 Wash.2d 343, 101 P.2d 321 (1940), where plaintiff had instituted an action to establish title by adverse possession under color of title and payment of taxes for a number of years, the Court held that a judgment dismissing the action and quieting title in defendants, did not preclude plaintiff from establishing and foreclosing lien for taxes, because the question of right to recover taxes could not have been litigated in the action to quiet the title. This case is similar to the facts in the case at bar and is persuasive on the issue here presented. There are many cases on this point collected under 50 C.J.S. Judgments § 719 (1947). We are convinced from a study of these cases that the former judgment in the first Stegall case is not a bar to a suit to claim taxes paid on property later held not to be the property of the taxpayer.
The second objection to the action raised by the City is also determined in the light of the opinion in the first Stegall case. The City of Jackson has cited several cases on this point, one of which was tried by the writer of this opinion, namely, City of Grenada v. Andrews, 214 Miss. 105, 58 So.2d 382 (1952). We are convinced, however, that these cases are not in point under the facts here. The authorities cited by the City in its brief are cases where the taxpayer voluntarily paid tax without protest. In the instant case, the taxpayer paid taxes on property, a part of which they owned and a part of which this Court later decided they did not own, but on which the taxes were paid under a mistake of fact. The payment of taxes under the mistake of fact, as here shown, was not a voluntary payment, and the taxpayer is not precluded from recovering the taxes erroneously paid. This issue is discussed in many cases on this point collected in Annot., 64 A.L.R. 9, 35 (1929). See also Graves v. McDonough, 264 Ala. 407, 88 So.2d 371 (1956); 84 C.J.S. Taxation § 637 (1954); 51 Am.Jur. Taxation § 1191 (1944).
Mississippi Code Annotated section 3742-41 (1956) provides, among other things, that “The governing authorities of all mu *137 nicipalities are hereby authorized to refund erroneously-paid privilege or ad valor-em taxes paid such municipalities.”
We have reached the conclusion that the taxpayers, Stegalls, were not precluded from making claim for taxes paid the City of Jackson under the facts in the instant case.
It is next contended that the City of Jackson could not repay taxes out of the funds of the Jackson Municipal Separate School District, because, it is said the School District, is an entity separate and apart from the City, and the School District is an agency of the State of Mississippi, and not the City of Jackson. We hold that this objection to the repayment of the taxes erroneously paid is not valid because the municipality is made the fiscal agent of the School Board. Mississippi Code Annotated section 6411-08 (Supp. 1964) requires the governing authorities of municipalities constituting separate school districts to levy taxes upon taxable property of the district and collect taxes “in the same manner as the property within the municipality is assessed and taxes collected therefrom.” It is therefore apparent that such collection of taxes by a municipality must be subject to the statute (Miss.Code Ann. § 3742-41, 1956) providing for refund of taxes erroneously collected.
Finally, the City of Jackson contends that it should not be required to repay the taxes erroneously paid to the City by the Stegalls, because, it is said, the appellant collected $69,000 above the cost of constructing the sewer system from the taxpayers as tap-on fees, and certain other fees totaling $123,229.10, and that the taxpayers should not be required to again pay for the sewer system. The City contends that these facts were established before the City Commission by certain exhibits: “D— 20 through D-24,” but this proof is not shown in the record on appeal. However, aside from this fact, it must be remembered that the Stegalls owned a part of this system and had a right to charge for its use, and the City of Jackson acquired the ownership of the entire system for ten per cent of its value simply by extending its city limits. We are of the opinion that this contention is not valid.
We hold therefore that appellants, Troy Stegall and Shelly D. Stegall, are entitled to a judgment in this Court against the City of Jackson, Mississippi, for the sum of $10,181.24, representing ninety per cent of the actual taxes erroneously paid the City of Jackson, Mississippi, for the years 1957, 1958, 1959, and 1960.
Judgment of the trial court is reversed and entered here in favor of appellants.
GILLESPIE, P. J., and PATTERSON, SMITH and ROBERTSON, JJ., concur.